Letrece SIMPSON, Relator,

v.

Honorable Robert STEM, Judge, 82nd District Court, Falls County, Texas, Respondent.

No. 10–91–217–CV.

Court of Appeals of Texas, Waco.

Jan. 8, 1992.

Ron Butler, Marlin, for relator.

El–Hadi T. Shabazz, Waco, for respondent.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

The primary issue in this mandamus proceeding is whether the trial court erred in denying Relator Letrece Simpson a jury trial to determine conservatorship/custody issues. Because Relator could not comply with Rule 216 after the case was set on the nonjury docket with less than forty-five days notice to Relator in violation of Rule 245, we conditionally grant the writ. *See* TEX.R.CIV.P. 216, 245.

On January 17, 1991, the Attorney General's office filed a petition in the 82nd Judicial District Court "to establish the parent-child relationship" on Relator's behalf. The father admitted paternity and a hearing was originally set for March 12 to determine temporary custody and visitation, but was recessed until April 9 to allow time for Relator to obtain counsel. The first hearing on temporary custody was held on July 2, during which the court set visitation. A second hearing, a continuation of the first, was conducted on August 22. The court awarded custody to the father, and temporary orders were issued on August 22.

Counsel for Relator received a copy of a letter dated October 2 from the father's attorney to the court coordinator of Falls County asking that the final hearing be set for November 7, at 9:00 A.M. On October 9, Relator's attorney received notice from the court coordinator that the final hearing had been set for November 7 on the nonjury docket. Relator forwarded her demand for a jury trial and the jury fee to the court coordinator on October 15. On October 14, Relator had filed a motion requesting that the final hearing be reset for December 3 to allow time for completion of discovery and the home/social study. On October 15, Relator filed a request for a pretrial conference as well as a motion for home/social study. On October 31, orders were issued

appointing a state certified social worker to the case and denying Relator's motion for continuance and demand for a jury trial. The case remained set for final hearing, nonjury, November 7. When this court granted Relator's motion for leave to file her petition for writ of mandamus, we also issued temporary orders at Relator's request staying all further proceedings in the trial court.

 When a written request for a jury trial is filed and the jury fee paid a reasonable time before the date set for trial of the cause on the nonjury docket, not less than thirty days in advance, a jury has been properly demanded and a presumption arises that the jury demand was made within a "reasonable time." *See* TEX. R.CIV.P. 216(a), (b); *Wittie v. Skees*, 786 S.W.2d 464, 466 (Tex.App.—Houston [14th Dist.] 1990, writ denied.). In the present case, the court rendered Relator's compliance with Rule 216 impossible, because less than thirty days notice was given by the court of the nonjury setting. *Id.* at 216(a). Even if it could be said that the court's denial of the jury trial was within the court's discretion under Rule 216, the notice also contravened the requirement of Rule 245 that the court give no less than 45 days notice of a first setting on a contested matter. *See id.* at 245. According to the comments following Rule 245, the rule was amended effective September 1, 1990, specifically "to harmonize a first time nonjury setting with the time for jury demand, and to set a more realistic notice for trial." [1]

In view of the stated purpose of the 1990 amendment to Rule 245, Relator's request for a jury trial on the final conservatorship hearing will therefore be deemed timely, triggering the presumption that the jury demand was made within a "reasonable time." *See Wittie v. Skees*, 786 S.W.2d at 466. The presumption has not been rebutted and Relator's right to a jury trial is absolute. *Id.* The record fails to reflect that the granting of a jury trial would

---

**1.** Rule 245 had previously provided for ten days notice, and the conflict which then existed between Rule 216 and Rule 245 was apparent.

*See Wright v. Brooks,* 773 S.W.2d 649–651 (Tex. App.—San Antonio 1989, no writ).

actually harm the adverse party, disrupt the court's docket, or impede the ordinary handling of the trial court's business. *Id.* Moreover, the permanent custody of the children clearly involves factual disputes upon which a jury could pass. *See Wright v. Brooks,* 773 S.W.2d at 651.

We conditionally grant the writ. The writ will issue only in the event the trial court fails to vacate its order denying Relator a jury trial and place the case on the jury docket with the required notice to all parties.