## BELL HELICOPTER TEXTRON, INC., Appellant,

v.

## Mary Jane ABBOTT, et al., Appellees.

No. 06–92–00060–CV.

Court of Appeals of Texas, Texarkana.

Aug. 31, 1993.

Rehearing Denied Sept. 21, 1993.

James Patrick Smith, Houston, TX, Atty. Ad Litem for Matthew & Jeremy Abbott.

John R. Mercy, Atchley, Russell, Waldrop, Hlavinka, Texarkana, TX, Reagan Brown, Ben Taylor, Fulbright & Jaworski, Houston, TX, for appellant Bell Helicopter Textron, Inc.

Joe H. Reynolds, Reynolds & Cunningham, Michael Sydow, Kelli McDonald, Houston, TX, for appellee Mary Jane Abbott.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

CORNELIUS, Chief Justice.

Bell Helicopter Textron, Inc. appeals from a judgment in a bench trial awarding damages to Mary Jane Abbott and others for the death of Jeremy Abbott in a helicopter crash. A threshold question is whether Bell was improperly denied a jury trial. Because we find that Bell was entitled to a jury trial, we must reverse the judgment.

Jeremy Abbott and another passenger were killed when a helicopter crashed in British Columbia. Abbott's survivors, all citizens and residents of Canada, sued Bell and Helicopter Accessory Services, Inc. (HAS) in Harris County, Texas. Bell manufactured the helicopter, and HAS had serviced the part that allegedly malfunctioned and caused the crash. Before trial, HAS stipulated that venue was proper in Harris County. Thereafter, the Abbotts agreed to reimburse HAS for the attorney's fees it had expended in the litigation and to nonsuit their case against it.

Although Bell requested a jury and paid the jury fee, the trial court ruled that the request and fee payment were not timely and proceeded to try the case without a jury. The trial court found all issues in the Abbotts' favor and awarded them approximately $12 million in damages, including interest.

Bell initially demanded a jury in a pleading it filed with the court on May 21, 1991, but it did not pay the jury fee until November 21, 1991, after the case had been set for trial on the nonjury docket. HAS had demanded a jury on March 30, 1990.

On October 23, 1991, the trial court issued a notice to all counsel that the case had been "set for trial on a two week docket beginning Monday, November 18, 1991." Bell received notice of the setting on October 25, 1991. On November 13, Bell filed a motion to strike the setting of November 18 because it did not give forty-five days' notice as required by TEX.R.CIV.P. 245. The trial court did not rule on Bell's motion, but on November 20 it sent a letter to all counsel stating, "If this case is not reached on the two week trial docket beginning November 18, 1991, it will

be preferentially set for December 9, 1991, at 1:30 p.m." (emphasis added). Bell again filed a motion to strike the setting because the required notice was not given. Bell also paid the jury fee on November 21, the day it received the notice of the contingent December 9 setting. Bell then filed a motion with the First Court of Appeals in Houston seeking a writ of mandamus requiring the trial court to set aside the December 9 trial setting. The Court of Appeals first granted leave to file the petition, noting in the order that it was tentatively of the opinion that Bell was entitled to the relief sought. The same day, however, the appellate court withdrew its order granting leave to file the petition for mandamus and denied leave for the reason that Bell had "an adequate remedy by way of appeal," citing *Williams v. City of Angleton*, 724 S.W.2d 414 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.).

Ultimately, the trial court overruled both of Bell's motions to strike and its request for a jury, and over Bell's objection, the case went to trial before the court on December 9, 1991.

Our Rules of Civil Procedure provide that to be entitled to a jury trial a party must (1) file a written request with the clerk a reasonable time before the date set for trial on the nonjury docket, but not less than thirty days in advance, and (2) deposit the jury fee with the clerk within the time for making the request. TEX.R.CIV.P. 216. The Rules further provide that the court must give at least forty-five days' notice of a first setting for trial, but may reset the case to a later date on any reasonable notice. TEX.R.CIV.P. 245.

■ As the first trial setting here gave only twenty-four days' notice, it did not comply with Rule 245. The rule is mandatory. The "setting" for November 18 was therefore ineffectual. *Smith v. Lippmann*, 826 S.W.2d 137 (Tex.1992); *Carson v. Hagaman*, 824 S.W.2d 267 (Tex.App.—Eastland 1992, no writ); *Simpson v. Stem*, 822 S.W.2d 323 (Tex.App.—Waco 1992, orig. proceeding). If the November 20 letter can be considered a setting at all,[1] it must necessarily be consid-

---

1. The letter only stated that *if the case was not* *tried on November 18, 1991,* it *"will be preferen-*

ered a first setting under Rule 245, and it was also in violation of the Rule.

 It is true that exactly forty-five days elapsed between the first notice of setting and the beginning of the trial. Thus, in ordinary circumstances, the defect might be harmless. It was not harmless in this case, however, because it made it impossible for Bell, after receiving notice of the setting, to comply with the time limit for paying the jury fee. When compliance with Rule 216 is made impossible by failure to give the notice required by Rule 245, the jury demand will be deemed timely. *Simpson v. Stem, supra.* Cases indicating a contrary rule are inapposite because they were decided when Rule 245 required only ten days' notice for a trial setting and before it was amended to expand the notice to forty-five days. *See, e.g., Wright v. Brooks,* 773 S.W.2d 649 (Tex. App.—San Antonio 1989, writ denied); *Brawner v. Arellano,* 757 S.W.2d 526 (Tex. App.—San Antonio 1988, orig. proceeding), *dism'd as moot,* 758 S.W.2d 756 (Tex.1988). Rule 245 was amended in order to harmonize it with Rule 216 and to require notice of trial setting before the time for demanding a jury. *See Simpson v. Stem, supra;* Tex.R.Civ.P. 245 comment.

 The right to a jury trial as guaranteed by our Constitution is one of our most precious rights, Tex. Const. art. I, § 15; Tex. Const. art. V, § 10; *Young v. Blain,* 245 S.W. 65 (Tex.Comm'n App.1922, opinion adopted), and the denial of that right is a very serious matter. Restrictions placed on the right to a jury trial will be subjected to the utmost scrutiny. *See Jones v. Jones,* 592 S.W.2d 19 (Tex.Civ.App.—Beaumont 1979, no writ); *Rayson v. Johns,* 524 S.W.2d 380 (Tex. Civ.App.—Texarkana 1975, writ ref'd n.r.e.); *Silver v. Shefman,* 287 S.W.2d 316 (Tex.Civ. App.—Austin 1956, writ ref'd n.r.e.).

 The refusal to grant a jury trial is harmful error unless the record reveals that no material issue of fact exists and that an instructed verdict would have been authorized. *Halsell v. Dehoyos,* 810 S.W.2d 371 (Tex.1991); *Weng Enterprises v. Embassy World Travel,* 837 S.W.2d 217 (Tex.App.—

*tially set* for December 9, 1991" (emphasis add-

Houston [1st Dist.] 1992, no writ); *Olson v. Texas Commerce Bank,* 715 S.W.2d 764 (Tex. App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). It is undisputed that there were disputed material fact issues in this case.

Because Bell was improperly denied a jury trial, the judgment must be reversed and the cause remanded for a new trial.

Bell also alleges error because of the denial of its motion for a continuance after a jury trial was refused; improper venue; denial of its motion to recuse the trial judge; improper ex parte communications between the trial judge and counsel ad litem; excessive ad litem fees; improper choice of law; improper exclusion of evidence; and insufficiency of the evidence supporting liability, actual damages, and punitive damages. Because of our determination of the issues discussed earlier, it is not necessary that we address these other contentions.

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.