MARY'S OPINION HEADING 









                                                NO.
12-07-00089-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

IN
RE: STEPHEN ROLIARD,        §          

NATIONAL BIKER MEMORIAL  §                      ORIGINAL
PROCEEDING

FOUNDATION,
INC., AND DAWGS        

ON HAWGS PRODUCTIONS,
INC.          §                      

                                                                                                                                                           


 

MEMORANDUM
OPINION

            Relators Stephen Roliard, National Biker Memorial
Foundation, Inc., and Dawgs on Hawgs Productions, Inc. petition for writ of
mandamus directing the Respondent to rescind a declaratory judgment that
Relators describe as a final order in the underlying lawsuit and directing
Respondent to set the cause for a new trial after an appropriate period for
discovery. [1]  We deny the petition.

 

Background








            On March 10, 2005, Stephen J. Roliard, acting for the
National Biker Memorial Foundation, signed an agreement for the purchase of the
majority interest in Rose Hill Enterprises L.L.C. (Rose Hill Amphitheater) from
Ken and Rosemary Walton.  After the
execution of the agreement, Roliard replaced Ken Walton as managing director of
Rose Hill Enterprises, L.L.C.  In his
capacity as manager, Roliard became embroiled in disputes with the owners of
minority interests who filed suit on July 31, 2006 against Roliard, National
Biker Memorial Foundation, Inc., and Dawgs on Hawgs Productions, Inc. for
declaratory judgment, breach of fiduciary duty, and injunctive relief.  On February 6, 2007, Ken and Rosemary Walton
filed their petition for declaratory judgment “as an intervention in the
ongoing lawsuit against Stephen Roliard d/b/a National Biker Memorial
Foundation, Inc.” seeking a declaration that the purchase agreement was of no
effect because of the purchaser’s failure to comply with the terms of the
purchase agreement.  Respondent set a
hearing on the Walton declaratory judgment action for February 14, 2007, the
date on which a hearing in the original lawsuit was already scheduled.  On February 16, 2007, the trial court
conducted a hearing and found that Relators had failed to comply with most of
the terms of the purchase agreement. On February 20, 2007, Respondent signed a
declaratory judgment setting aside the purchase agreement and placing the
Waltons in the same legal position they held before the execution of the
purchase agreement.  Relators did not
file a motion for new trial, but seek a writ of mandamus ordering a new trial
because they maintain that they were not afforded forty-five days notice of the
first trial setting of the Walton declaratory judgment action as required by
Texas Rule of Civil Procedure 245. 

 

Availability of Mandamus

            Mandamus is appropriate if the trial court has abused its
discretion and the relator has no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). 
A writ of mandamus is appropriate only in situations involving “manifest
and urgent necessity,” and not for grievances that may be addressed by other
remedies.  Holloway v. Fifth Court
of Appeals, 767 S.W.2d 680, 684 (Tex. 1989).  The requirement that persons seeking mandamus
relief establish the lack of an appellate remedy is a “fundamental tenet” of
mandamus practice.  Id.  An appellate remedy is not inadequate because
it may involve more expense or delay than obtaining an extraordinary writ.  Walker, 827 S.W.2d at 842.

            The failure to give the required notice of a trial
setting can be remedied by appeal.  See
Bell Helicopter Textron, Inc. v. Abbott, 863 S.W.2d 139, 140-41
(Tex. App.–Texarkana 1993, writ denied) (after holding that failure to give
required notice of trial setting was harmful, court  reversed and remanded for new trial).  Relators do not explain why appeal of the
declaratory judgment is inadequate here. 
Therefore, Relators have not shown they are entitled to mandamus relief.

 

Conclusion

            Relators have not shown that they have no adequate remedy
by appeal.  Therefore, we need not
address whether they have shown an abuse of discretion by Respondent.  Relators’ petition for writ of mandamus is denied.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

Opinion
delivered March 30, 2007.

Panel
consisted of Griffith, J., Hoyle, J., and Bass, Retired Justice, Twelfth Court
of Appeals, Tyler, sitting by assignment.

 

 

 

 

            

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]  The
real parties in interest are Rose Hill Enterprises, L.L.C., Ken Walton, and
Rosemary Walton.  The respondent is the
Honorable J. Clay Gossett, Judge of the 4th Judicial District Court, Rusk
County, Texas.