# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00010-CV

**Kevin Jerome Rollins-El, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT
### NO. 215,278-B, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kevin Jerome Rollins-El appeals from the decree terminating his parental rights. He contends that the referring trial court erred by denying him a jury trial de novo, by denying the paternal grandmother's plea in intervention, and by deciding that it had lost plenary power to act on post-judgment motions, including a motion for new trial. We affirm the decree.

Rollins-El raises only procedural complaints regarding the district court's decree. Consequently, we will discuss the underlying facts briefly and focus our review on the procedural posture of the case. Rollins-El was convicted of felony theft and placed on probation in 1992. His probation was revoked in 1993 when he tested positive for cocaine use. In 1998, he was convicted of possession of a firearm by a felon and was sentenced to prison followed by probation. That term of probation was revoked when he pleaded true to a charge of possession of cocaine. In 2002, he assaulted the mother of his first child. In May 2004, he was arrested in Kentucky for assaulting the

mother of the children who are the subject of this matter, fleeing and evading arrest, possessing marijuana, and public intoxication. According to the State's attorney, these charges remained outstanding at the time of the hearing before the trial court. In 2005, he was charged with driving while intoxicated and convicted of possession of cocaine, which led to his incarceration at the time of this proceeding. There was testimony that the children's mother used drugs and occasionally would become transient and lose contact with family members. In his findings of fact, the associate judge found that Rollins-El knew from his previous conviction that drug possession could lead to incarceration and that his 2005 incarceration left the children primarily in the care of "an unstable and drug abusing mother." The trial court found that Rollins-El engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being.

The following procedural events are relevant to this appeal:

| | |
|---|---|
| October 24, 2006 | Associate judge holds hearing on petition to terminate parental rights and orally announces that Rollins-El's rights are terminated |
| October 26, 2006 | Rollins-El files his notice of appeal and requests hearing before district court |
| November 2, 2006 | District court sets case for hearing on November 28, 2006 |
| November 16, 2006 | Rollins-El requests jury, asserts indigence, and requests waiver of jury fee; Rollins-El's attorney moves to withdraw |
| November 17, 2006 | Rollins-El allegedly first receives notice of setting |
| November 28, 2006 | Rollins-El requests continuance, moves to strike nonjury setting; Court denies these motions Rollins-El files affidavit/unsworn declaration of indigence; Court begins hearing lasting through December 1, 2006 |

2

| | |
|---|---|
| December 1, 2006 | Wanda Rollins files motion to intervene;<br>Court orally orders termination of parental rights;<br>Court grants motion for counsel to withdraw[1] |
| December 11, 2006 | Court signs order terminating parental rights |
| January 8, 2007 | Rollins-El files notice of appeal and agreed motion for additional time to file statement of points on appeal, alleging lack of notice of judgment |
| January 9, 2007 | Rollins-El files motion for new trial and statement of points on appeal |

The district court declined to set a hearing on the January motions, writing on them "case on appeal, court has lost its plenary power."

Appellants in termination cases are required to file statements of points they intend to appeal no later than fifteen days after the judgment is signed. Tex. Fam. Code Ann. § 263.405(b) (West Supp. 2007). Appellate courts "may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *Id.* § 263.405(i). The judgment was signed on December 11, 2006, and Rollins-El filed his statement of points on appeal on January 9, 2007, more than fifteen days after the judgment was signed. Although there is no provision expressly permitting an extension of time to file the statement of points, Rollins-El filed an "Agreed Motion for Additional Time to File Statement of Points and Rule 11 Agreement" asserting that he filed his statement late because no notice of the judgment was sent to him. Rollins-El did not, however,

---

[1] Despite the granting of the motion, the trial counsel who was permitted to withdraw nevertheless currently represents Rollins-El in this appeal.

3

obtain a finding from the trial court regarding the date he received notice. *See* Tex. R. Civ. P. 306a.

Strictly interpreting the terms of the family code, we cannot consider the grounds presented in the January 9 statement of points on appeal because that document was not timely filed.[2] Tex. Fam. Code Ann. § 263.405(i); *Pool v. Texas Dep't of Family & Protective Servs.*, 227 S.W.3d 212, 215 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Because the interests at stake are so important and because the record contains some indication that Rollins-El did not receive timely notice of judgment, we will consider the issues raised in the statement of points on appeal in the interest of justice. We conclude that the issues raised in the statement of points on appeal do not support altering the judgment. Rollins-El complains of the trial court's denials of his request for jury trial, his mother's plea in intervention, and his motion for new trial.

We review a trial court's refusal to grant a jury trial under an abuse-of-discretion standard. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996). We examine the entire record and will find that an abuse of discretion exists if the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.* Under the rules of civil procedure, a court may set contested cases for trial on its own motion or based on a party's written request, provided that the court gives at least 45 days' notice of a first setting for trial, unless the

---

[2] Rollins-El also filed two other notices of appeal: (1) October 26, 2006, from the associate judge's order, and (2) November 16, 2006, after the trial court adopted the associate judge's proposed order. Even if these documents were construed as a statement of points on appeal prematurely filed, they present nothing for our review because they do not contain the points he raises in this appeal. The points Rollins-El raises in this appeal bear on actions or inactions of the trial court occurring after both notices were filed.

4

parties agree otherwise. Tex. R. Civ. P. 245. The court will not hold a jury trial unless a written request for a jury trial is filed with the clerk of the court "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance." Tex. R. Civ. P. 216(a). The jury fee must be deposited with the district clerk within the time for making a written request for a jury trial. Tex. R. Civ. P. 216(b). Instead of paying the fee, the party may within the time for making such deposit file with the clerk, his affidavit to the effect that he is unable to make such deposit and cannot, by the pledge of property or otherwise, obtain the money necessary for that purpose. Tex. R. Civ. P. 217. An inmate in the Texas Department of Corrections may instead file an unsworn declaration to the same effect. Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a) (West 2005).

Rollins-El contends that the trial court erred by denying his request for a jury trial. He contends that he was not required to file a jury request thirty days in advance of the trial setting because the family code's accelerated timetable rendered that impossible. *See Bell Helicopter Textron v. Abbott*, 863 S.W.2d 139, 140-41 (Tex. App.—Texarkana 1993, writ denied). In *Bell*, the trial court gave notice of nonjury trial twenty-six days in advance of trial (received by Bell twenty-four days before trial). *Id.* at 140. Although Bell had requested a jury early on in the case, Bell did not pay the jury fee until after the original trial date. *Id.* The Texarkana court held that, because the trial court did not give notice of the first trial setting forty-five days in advance of the trial, the remaining procedural timetable was inapplicable, and Bell's jury demand was deemed timely. *Id.* at 141 (citing *Simpson v. Stem*, 822 S.W.2d 323, 324-25 (Tex. App.—Waco 1992, orig. proceeding)). The *Simpson* opinion further explains that the jury demand, deemed timely

5

because of the trial court's noncompliance with Rule 245, is presumed to have been made a reasonable time ahead of trial. *Simpson*, 822 S.W.2d at 324. Under *Simpson*, the presumption of timeliness is rebuttable. *Id.*

This case is distinct from *Bell* and *Simpson* because of the statutory constraints placed on termination cases. Generally, trial in termination cases in which the Department is the conservator must begin within a year of filing. *See* Tex. Fam. Code Ann. § 263.401 (West Supp. 2007). The family code requires that the referring trial court hear an appeal from an associate judge's ruling in a termination case within thirty days after the appeal to the trial court is filed. *Id.* § 201.015(f) (West Supp. 2007); *see also id.* § 101.032(a) (West 2002). This statutory requirement supersedes the rule-based requirement of forty-five days' advance notice of trial setting. *See Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000) (statutes generally prevail in conflict with rules). Otherwise, the referring court would be required to give notice of trial at least fifteen days before the associate judge announced a ruling and, quite likely, before any party gave notice of appeal of that ruling. In contrast to the district courts in *Bell* and *Simpson*, the district court's failure in this case to give at least forty-five days' notice of trial was a creature of statute, not error.

Unlike the parties in *Bell* and *Simpson*, Rollins-El knew[3] when he filed the notice of appeal from the associate judge's ruling that the district court was required to hear the appeal within thirty days.[4] Even if he was not required to make his jury demand until he received a trial

---

[3] All persons are presumed to know the law and are charged with knowledge of provisions of statutes. *See Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 n.3 (Tex. 1990).

[4] The court set a trial date thirty-three days after the notice of appeal was filed. Although a referring trial court should hear a party's appeal within thirty days of the associate judge's ruling, the failure to do so will not deprive the court of jurisdiction over the case. *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.).

setting—which was sent only twenty-six days before trial—he was required to make the jury demand a reasonable time before trial. *Simpson*, 822 S.W.2d at 324; *see also* Tex. R. Civ. P. 216(a).

We find no abuse of discretion in the trial court's denial of the jury demand in this case because the court could reasonably have denied the demand as not having been made or completed within a reasonable time before trial. "It is within the discretion of the trial court to deny a jury trial in the absence of a timely request or payment of a jury fee." *Martin v. Black*, 909 S.W.2d 192, 197 (Tex. App.—Houston [14th Dist.] 1995, writ denied). Rollins-El did not file a jury demand when appealing to the district court, even though he knew when filing the notice of appeal that it would have to be heard within thirty days and that the case would have to be resolved by February 13, 2007. He demanded a jury on November 16, 2006—twenty-one days after filing his notice of appeal—but did not accompany his jury demand with the jury fee or oath of inability to pay the fee. *See* Tex. R. Civ. P. 216(b) (fee due at time of jury demand), 217 (oath in lieu of fee due at same time). The Request for Jury Trial filed by counsel asserts that Rollins-El is represented by appointed counsel "because of his indigence"—although the Order Appointing Attorney states that the appointment is made because Rollins-El "is incarcerated" without mentioning his financial status. Rollins-El filed an unsworn declaration of indigence on November 28, 2006—the date of trial, twelve days after filing his jury demand and thirty-three days after appealing the associate judge's ruling. Although the trial court did not state a basis for its denial of the request for jury trial, we conclude that the trial court would not have abused its discretion by denying the request because it was neither made nor completed (i.e., accompanied by the requisite fee or declaration of indigence) a reasonable amount of time before the trial date given the statutory timetables. *See Williams*

*v. Williams*, 19 S.W.3d 544, 546 (Tex. App.—Fort Worth 2000, pet. denied). We overrule Rollins-El's first issue.

Rollins-El next complains that the court erred by denying Wanda Rollins's plea in intervention. Wanda Rollins, the paternal grandmother of the children, filed her plea in intervention on December 1, 2006—the last day of the hearing. After the plea was denied, she did not file a notice of appeal. An appealing party may not complain of errors that do not injuriously affect it. *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000); *see also In re H.M.J.H.*, 209 S.W.3d 320, 321 (Tex. App.—Dallas 2006, no pet.). While a grandmother may intervene in a suit affecting a parent-child relationship, *see McCord v. Watts*, 777 S.W.2d 809, 812 (Tex. App.—Austin 1989, no pet.), we find no basis for her son to complain on appeal of the trial court's refusal to allow the intervention when she does not herself file a notice of appeal. Rollins-El may not successfully complain of the denial of Wanda's petition in intervention. We overrule his second issue.

In his third issue, Rollins-El contends that the trial court erred by stating that it lost plenary power to consider his post-judgment motions, including his motion for new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006).

Rollins-El's motion for new trial was not timely. In termination cases, the motion for new trial is due within fifteen days after the judgment or order. Tex. Fam. Code Ann. § 263.405(b)(1). There is no provision for extending that deadline in the statute. *See id.* Except as specified in the rules of procedure, the trial court cannot enlarge the time for filing a motion for new trial under the rules even with the parties' agreement. *See* Tex. R. Civ. P. 5; *Moritz v. Preiss*,

8

121 S.W.3d 715, 720 (Tex. 2003); *see also* Tex. R. Civ. P. 306a (describing process for proving late notice of judgment). The trial court signed its judgment terminating Rollins-El's parental rights on December 11, 2006. By statute, the motion for new trial was due fifteen days later on December 26, 2006. *See* Tex. Fam. Code Ann. § 263.405(b)(1). Rollins-El filed his motion for new trial on January 9, 2007.[5] Even if the provisions of Texas Rule of Civil Procedure 306a apply to termination cases, there is no indication that the court was asked to make or made any findings extending the time for filing the motion for new trial. Thus, the motion for new trial was not timely filed and did not extend the trial court's plenary power. Accordingly, the trial court's plenary power expired thirty days after it signed the judgment. *See* Tex. R. Civ. P. 329b(d), (e).

The record does not demonstrate reversible error with regard to the trial court's notation on the post-judgment motions that it had lost plenary power. The motions were filed on January 9, 2007 and the trial court lost plenary power on January 10, 2007. The notations on the motions are undated, but if they were made any time after January 10, 2007, there is no error. Further, as just discussed, the motion for new trial was untimely filed. The court could not have granted the untimely motion. Although the court could have granted a new trial on its own motion on January 9-10, 2007 on the same grounds raised by Rollins-El's motion, the record before us does not demonstrate that its failure to do so was an abuse of discretion.[6]

---

[5] Even if the Bell County courthouse was closed on December 26, 2006, Rollins-El's motion for new trial filed on January 9, 2007, was untimely because it was filed more than 15 days after the judgment was signed on December 11, 2007.

[6] In his motion for new trial, Rollins-El essentially requests reconsideration of trial court decisions. He complains that the trial court erred by denying his request for jury trial and his mother's plea in intervention and not naming her permanent managing conservator, by concluding that the Department made reasonable efforts to return his children to him or to his mother, by finding the evidence factually sufficient that he had knowingly placed or allowed the children to remain in

We similarly find no reversible error in the court's notation on the statement of points on appeal or the request for findings of fact and conclusions of law that it had lost plenary power. Even if these documents were considered timely filed, the record does not compel a conclusion that the trial court's refusal to consider them harmed Rollins-El. We have considered the issues raised in the statement of points on appeal and have reviewed the record that would have underlain any findings or conclusions. The record does not reveal harmful error on any of the issues Rollins-El raises.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:   May 9, 2008

_____

conditions or with people that endangered the children's well-being, and by concluding that the evidence supported a conclusion that termination is in the best interests of the children. We find no abuse of discretion in the trial court's failure to grant a new trial on its own motion.

One different ground raised in the motion for new trial is Rollins-El's assertion that the final hearing date was improperly accelerated "in violation of Texas Family Code §§ 262.2015 (authorizing acceleration if certain aggravating factors are present) and 263.401 (requiring dismissal unless trial begins within a year after the Department becomes temporary managing conservator)." Although there were statements at trial that the case was placed on the "fast track," this acceleration is not apparent from the record as it was heard by the district court less than ninety days before the deadline for dismissing the case. Further, it is not clear how any acceleration was or would have been improper or how any acceleration harmed Rollins-El. We do not find an error in not granting a new trial on these grounds.

10