Basil **BROWN** and Yvonne **Brown, Appellants,**

v.

**APEX REALTY, Appellee.**

No. 05–09–01163–CV.

Court of Appeals of Texas, Dallas.

Aug. 2, 2011.

Rehearing Overruled Oct. 14, 2011.

Basil and Yvonne Brown, Cedar Hill, TX, pro se.

Daniel Paz, Higier Allen & Lavtin, Addison, TX, for Appellee.

Before Justices BRIDGES, LANG–MIERS, and MURPHY.

## OPINION

Opinion By Justice LANG–MIERS.

Appellee Apex Realty brought a forcible detainer action in justice court against appellants Basil Brown and Yvonne Brown, in which Apex sought possession of certain residential ·property located in Forney, Texas. The justice court issued a judgment of eviction in favor of Apex, awarding Apex possession of the property along with back rent and court costs. The Browns timely appealed to the county court at law, and after a trial de novo, the county court at law issued a final judgment against the Browns awarding Apex (1) possession of the property, (2) $3,529 in damages, (3) $3,900 in attorneys' fees through trial, (4) conditional appellate attorneys' fees of $2,000 and $1,500, respectively, (5) post-judgment interest, and (6) court costs. The county court at law also issued a writ of possession, which was executed in October 2009. The Browns appeal from that judgment.

### Issues on Appeal

#### Mootness

■ In its appellee's brief Apex argues as a threshold issue that this appeal is moot. More specifically, Apex cites generally to *Marshall v. Housing Authority of San Antonio,* 198 S.W.3d 782 (Tex.2006), and argues that this appeal is moot because a writ of possession has been executed and possession is no longer an issue. We disagree. In this case, unlike *Marshall,* the judgment included an award for damages, and with one possible exception,[1] most of the Browns' issues bear on the damage award. As a result, this appeal is not moot. *See, e.g., Spencer v. Gilbert,* No. 03–09–00207–CV, 2010 WL 3064346, at \*1–

2 (Tex.App.-Austin Aug. 4, 2010, pet. dism'd w.o.j.) (mem. op.) (although lease expired and tenant vacated premises, appeal in forcible entry and detainer action was not moot because "the controversy over the monetary damage award persists").

### Jurisdiction Over Yvonne Brown

■ In their first issue the Browns argue that the county court at law did not have jurisdiction over Yvonne because (1) she "was not named as a Defendant in Apex Realty's 'Petition for Eviction' filed in the underlying proceeding," (2) she was not named in the citation, (3) she was not served with citation, and (4) she was not named in the justice court's judgment of eviction. In response, Apex argues that the county court at law had jurisdiction over Yvonne because she filed numerous documents in the justice court and the county court at law, including a notice of appeal to the county court at law and a pauper's affidavit. We agree with Apex.

The record demonstrates that Apex filed its petition in the justice court against Basil Brown and all occupants, one of whom was Basil's wife Yvonne. After Basil and Yvonne signed and filed an answer, the justice court signed a judgment of eviction against Basil. In response, Basil and Yvonne signed and filed a notice of appeal from that judgment pursuant to Texas Rule of Civil Procedure 749, and Yvonne signed and filed a pauper's affidavit pursuant to rule 749a. After the case was appealed to the county court at law, Apex amended its petition to name Yvonne as one of the defendants, and Yvonne testified at the de novo trial.

---

1. The Browns' fourth issue appears to relate strictly to the issue of possession. In their fourth issue the Browns argue that Apex's "Notice to Vacate" was invalid because it was "unsigned." As we explain below, however, this issue is not adequately briefed.

Both an appeal bond filed pursuant to rule 749 and a pauper's affidavit filed pursuant to rule 749a operate as an answer. *See Hughes v. Habitat Apts.*, 860 S.W.2d 872, 873 (Tex.1993) (per curiam) (holding pauper's affidavit "sufficed as a pro se answer"); *Montgomery v. Chase Home Fin., LLC*, No. 05–08–00888–CV, 2009 WL 2784587, at *1 (Tex.App.-Dallas Sept. 2, 2009, no pet.) (mem. op.) ("An appeal bond operates as an answer and appearance in a county court at law and gives that court jurisdiction completely and absolutely as though the defendant had appeared and answered in the justice court.") (internal quotation marks and brackets omitted). And "[w]hen a defendant is deemed to have answered and appeared in court, she waives all complaints as to defects in the service of process." *Montgomery*, 2009 WL 2784587, at *1. Applying this law to the facts of this case, because Yvonne filed a pauper's affidavit, she is deemed to have answered and appeared in the county court at law, and her appearance constitutes a waiver of all complaints as to defects in the service of process. *Id.* at *2. As a result, we resolve the Browns' first issue against them.

### Jurisdiction Over Basil Brown

In their second issue the Browns argue that the county court at law did not have jurisdiction over Basil because Apex's alternative service of citation on Basil under rule of civil procedure 742a "was not proper." More specifically, the Browns complain that (1) Apex's petition for eviction filed in the justice court "does not attest that Apex Realty does not know of any other home or work addresses of Defendant Basil Brown on Kaufman County," (2) the officer who served the citation on Basil "did not execute a sworn statement regarding his attempts to serve Basil Brown prior to the alternative service being executed," and (3) the justice court issued an order for substituted service without the officer's sworn statement about his attempts to serve Basil prior to the alternative service. In response, Apex argues that Basil waived any defects in service. We agree with Apex.

The record demonstrates that Basil filed an original answer in the justice court. "[F]iling an answer constitutes a general appearance, thereby dispensing with the need for the issuance and service of citation. Thus, filing an answer waives any complaints about service." *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex.App.-Dallas 2006, pet. denied) (internal citations omitted). We resolve the Browns' second issue against them.

### Denial of Basil's Request
### for a Jury Trial

In their third issue the Browns argue that the county court at law abused its discretion when it denied Basil's request for a jury trial. We review a trial court's refusal to grant a jury trial under an abuse-of-discretion standard. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex.1996). We examine the entire record and will conclude that the trial court abused its discretion only if the trial court's decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*

The Browns filed their notice of appeal on August 10, 2009. On September 9, Basil and Apex appeared for a hearing and the county court at law set the trial date for September 14. At the start of the trial setting on September 14, Basil asked for a continuance in order to try to locate an attorney to represent him. The county court at law granted his request for a continuance, and the trial was reset to September 24. On the morning of Sep-

tember 24, before the trial began, the county court at law acknowledged that Basil filed a demand for jury trial on the afternoon of September 23. After Apex objected to the jury demand on the ground that it was not timely filed, the judge stated as follows:

Today is September 24th, the request for the jury demand was made on September 23rd, 2009, at 3:50 p.m. Based on the notice of the jury demand[,] the time that it was filed, the Court is going to deny the request for the jury demand.

On appeal the Browns argue that because the trial occurred 28 days after "the trial was docketed" by the county court at law, and Basil was precluded from filing a demand for jury trial at least thirty days before trial as required by rule of civil procedure 216, Basil's "jury demand was reasonably made and should have been considered timely, and granted." To support this argument the Browns cite generally to two cases without providing any substantive analysis of how the holdings in those cases apply to the facts of this case. First, the Browns cite *Simpson v. Stem,* 822 S.W.2d 323 (Tex.App.-Waco 1992, orig. proceeding). *Simpson* was a mandamus proceeding that arose from a trial court's denial of a request for a jury trial in a case regarding conservatorship of a minor. In *Simpson* the relator received notice on October 9, 1991 that a final conservatorship hearing was scheduled for November 7. She forwarded her demand for jury trial and the jury fee to the trial court on October 15, and the trial court issued an order on October 31 denying the request for jury trial. In that case the appellate court held that the trial court's hearing notice violated rule of civil procedure 245, and due to the trial court's noncompliance with rule 245, the appellate court deemed the jury demand timely. *Id.* at 324. Unlike the conservatorship hearing at issue in *Simpson,* however, the county court at law

was not required to give the parties 45 days' notice of the trial setting in this case. Instead, once the Browns filed their notice of appeal from the justice court's judgment, their case was "subject to trial at any time after the expiration of eight full days after the date the transcript [was] filed in the county court." TEX.R. CIV. P. 753.

The Browns also cite generally to *In re J.C.,* 108 S.W.3d 914 (Tex.App.-Texarkana 2003, no pet.). In that case a father appealed from an order terminating his parental rights and he argued, among other things, that the trial court erred when it denied his request for a jury trial. In that case the trial was set for August 16, 2002, but the father's appointed counsel did not receive notice of his appointment until around August 5 and was not able to consult with the father until August 14. Under those circumstances, the appellate court held that the request for a jury trial was timely because of the late appointment of the father's counsel. Unlike *In re J.C.,* this case did not involve the trial court's late appointment of counsel.

In short, *Simpson* and *In re J.C.* are distinguishable. And even if Basil was not required to make his jury demand until he received notice of a trial setting in the county court at law, he was still required to make the jury demand within a reasonable time after receiving that notice. *See, e.g., Rollins-El v. Tex. Dep't of Family & Protective Servs.,* No. 03-07-00010-CV, 2008 WL 1990299, at *3-4 (Tex.App.-Austin May 9, 2008, no pet.) (mem. op.) (appellant had only 26 days' notice of his trial setting in an expedited termination proceeding, but because he waited 21 days before demanding a jury trial, trial court did not abuse its discretion when it denied appellant's request). Based on the entire record in this case—including the facts

that (1) Basil appeared for the first hearing on August 9, (2) Basil appeared again on August 14 at which time he asked for a continuance, and (3) Basil did not file his demand for jury trial until less than one day before the second trial setting—we cannot conclude that the county court at law abused its discretion when it denied the request for a jury trial in this case. *Id.* We resolve the Browns' third issue against them.

### The Browns' Remaining Issues

In their fourth, fifth, sixth, and seventh issues the Browns argue that (1) Apex's "Notice to Vacate" is invalid because it was not signed, (2) the trial judge abused her discretion when she refused to recuse herself, (3) the county court at law should have granted appellant's motion to strike Apex's amended petition, and (4) the county court at law should have adhered to the parties' "contractual agreement to extend the lease for one additional year." These issues, however, are not supported by any citations to applicable authority. As a result, the Browns' fourth, fifth, sixth, and seventh issues are not adequately briefed. TEX.R.APP. P. 38.1(i) (brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). The failure to adequately brief an issue waives that issue on appeal. *Huey v. Huey,* 200 S.W.3d 851, 854 (Tex.App.-Dallas 2006, no pet.); *see also Bolling v. Farmers Branch Indep. Sch. Dist.,* 315 S.W.3d 893, 895 (Tex.App.-Dallas 2010, no pet.) ("Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other."). We resolve the Browns' fourth, fifth, sixth, and seventh issues against them.

### CONCLUSION

We resolve the Browns' issues against them and affirm the county court at law's final judgment.