**REVERSE and REMAND; Opinion issued February 6, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-11-00024-CV
_____

### ELIZABETH A. FLACK-BATIE AND LISA A. BATIE, Appellants

### V.

### CAMDEN CIMARRON, Appellee

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. 10-06786-E**

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang
Opinion By Justice Bridges

In a suit for forcible detainer, appellee Camden Cimarron (Landlord) sought possession of premises in Irving, Texas and unpaid rent from appellant Elizabeth A. Flack-Batie. Appellant Lisa A. Batie intervened in the suit, joining in Flack-Batie's answer and counterclaim. After a jury trial, the justice court granted judgment for Landlord. Appellants[1] filed an appeal to county court. When appellants did not appear for trial, the county court granted possession of the premises to Landlord, as well as unpaid rent, attorney's fees, court costs, and interest. Appellants filed this appeal, alleging among other issues that they did not receive notice of the trial setting in

---

[1] Although for clarity we refer to appellee as "Landlord," we do not refer to appellants as "Tenants" because the parties dispute whether Lisa Batie was a party to the lease. Because of our disposition of this appeal, we do not decide this question.

county court. We reverse the portion of the trial court's judgment awarding rent, attorney's fees, interest, and costs to Landlord because appellants established that they did not receive notice of the trial setting. We remand the cause to the trial court for consideration of these issues. The portion of appellants' appeal regarding possession of the leased premises is moot. Because the only issues before the trial court were the right to possession of the premises and the amount of rent due, we overrule all of appellants' other issues. *See* TEX. R. CIV. P. 746 (only issue in forcible detainer suit under Sections 24.001–24.008 of Texas Property Code shall be right of actual possession); TEX. R. CIV. P. 738 (suit for rent may be joined with action of forcible detainer). Because the issues are well-settled, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## ISSUES

Appellants assert five issues. Issue three has six subparts. All of appellants' issues, however, arise from their complaint that they did not receive notice of the trial setting or the judgment in county court. They argue that the trial court abused its discretion in entering the default judgment and overruling their motion for new trial by operation of law. They argue that the lack of notice violated their due process and equal protection rights, and that the judgment was the result of fraud and retaliation by the landlord.

## STANDARD OF REVIEW

The decision whether to grant a motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal absent a showing of an abuse of discretion. *See Continental Carbon Co. v. Sea-Land Serv., Inc.*, 27 S.W.3d 184, 188 (Tex. App.—Dallas 2000, pet. denied) (citing *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984)). This abuse of discretion standard also applies in cases where the motion for new trial is overruled by operation of law, in which case the issue is whether the trial court abused its discretion by not granting the motion for new trial and allowing the motion to be overruled by operation of law. *Id.*

(citing *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994), and *Bank One v. Moody*, 830 S.W.2d 81, 81, 85 (Tex. 1992)).

PENDING MOTIONS

On May 1, 2012, we granted appellants' motion for extension of time to file a reply brief, and ordered that appellants' reply brief be filed on or before May 7, 2012. No reply brief was received or filed, nor was any motion requesting additional time received on or before May 7, 2012. In a letter dated May 1, 2012, we also notified the parties that this case would be submitted without oral argument to a panel of this Court on June 20, 2012. On the date of submission, we received appellants' "Motion for Leave to File Appellant(s): Amended Motion for Extension of Time to File Reply Brief and Motion to Supplement Appellant(s) Final Brief on the Merits." In this motion, appellants requested an extension of time to file a reply brief and a supplemental brief on the merits until June 25, 2012. On July 6, 2012, appellants filed their "Second Motion for Leave to Amend Motion for Extension of Time to File Appellants' Reply Brief and Amended Motion for Leave to Supplement Appellants' Final Brief on the Merits," requesting an extension of time to file a reply brief and supplemental brief until July 6, 2012. This motion was accompanied by a reply brief and a supplemental brief on the merits.

Upon motion complying with Texas Rule of Appellate Procedure 10.5, we may extend the time for filing briefs. TEX. R. APP. P. 38.6(d). Rule 10.5 requires that a motion for extension of time include "the facts relied on to reasonably explain the need for an extension." Here, appellants contend that their indigence and Flack-Batie's age and chronically ill health prevented their filing the brief by the Court's deadline. Appellants are appearing pro se. They apparently understood the Court's letter setting the submission date as an additional extension of time for filing their reply brief. While we do not condone appellants' failure to comply with this Court's

–3–

order of May 1, we will consider their reply brief. *See* TEX. R. APP. P. 38.9 (briefing rules to be construed liberally).

We reach a different conclusion regarding appellants' request to file a supplemental brief raising "three issues erroneously omitted" from their original brief. We may permit a party to amend or supplement a brief "whenever justice requires." TEX. R. APP. P. 38.7; *see also Standard Fruit & Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) (appellate court has discretion whether to allow filing of amended or supplemental brief in interest of justice). Although we permitted a late filing of appellants' reply brief, we did not grant permission to file a brief containing new issues. Additional issues raised only in a reply brief or post-submission brief will not be considered because they are untimely. *Haynes v. McIntosh*, 776 S.W.2d 784, 788 (Tex. App.—Corpus Christi 1989, writ denied) (post-submission brief); *Collin Cnty. v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 877 (Tex. App.—Dallas 2012, pet. denied) (reply brief); *see also Rogers v. City of Fort Worth*, 89 S.W.3d 265, 284 (Tex. App.—Fort Worth 2002, no pet.) (considering new issue only because it had granted leave to file a post-submission brief). Appellants argue in the alternative that their supplemental brief only clarifies existing issues, rather than raising new ones. We will consider the issues timely raised in appellants' original brief and relevant to a forcible detainer action.[2] We deny appellants' motion to file their supplemental brief.

TIMELINESS OF APPEAL

We next address Landlord's arguments regarding our jurisdiction over this appeal. Landlord argues that we lack jurisdiction because appellants failed to file their motion for new trial on or before November 11, 2010. Landlord also complains that we lack jurisdiction because

---

[2] We note that we do not consider the numerous attachments to appellants' briefs that were not part of the trial court record. *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.) (appellate court cannot consider document cited in brief and attached as appendix if it is not formally included in record on appeal).

appellants failed to obtain a hearing or ruling on their motion for new trial and to extend post-judgment deadlines. We disagree. The default judgment was signed on October 12, 2010. Appellants' motion for new trial was due on November 11, 2010. *See* TEX. R. CIV. P. 329b(a) (providing for thirty-day period). November 11, 2010, however, was a legal holiday, extending the filing period to the next day that was not a Saturday, Sunday, or legal holiday. *See* TEX. GOV'T CODE ANN. §§ 662.003(a)(7), 662.021 (West 2012) (November 11 is national holiday; legal holiday includes national holiday); TEX. R. CIV. P. 4 (extending filing period on legal holiday). Accordingly, appellants' filing date was extended to November 12, 2010.[3] With the filing of a timely motion for new trial, appellants' notice of appeal filed on December 2, 2010, was timely. *See* TEX. R. APP. P. 26.1(a)(1) (notice of appeal must be filed within 90 days after judgment signed if any party timely files motion for new trial).

Landlord also argues that appellants' failure to obtain a hearing on their motion for new trial prevents this court from considering appellants' issues on appeal. We have held that "no abuse of discretion occurs when the defaulting defendant fails to call his motion to the judge's attention and allows the motion to be overruled by operation of law." *Fluty v. Simmons Co.*, 835 S.W.2d 664, 666 (Tex. App.—Dallas 1992, no writ); *see also Shamrock Roofing Supply, Inc. v. Mercantile Nat'l Bank*, 703 S.W.2d 356, 358 (Tex. App.—Dallas 1985, no writ) (where record fails to show any attempt to obtain timely hearing, no abuse of discretion by trial court). But where the

---

[3] The clerk's record shows a file-stamp of November 18, 2010, on the motion. Under Rule 5 of the rules of civil procedure, if a document is deposited in the first class United States mail on or before the last date for filing, in a properly-addressed and stamped envelope or wrapper, and the clerk receives it "not more than ten days tardily," the document "shall be filed by the clerk and be deemed filed in time." TEX. R. CIV. P. 5. Although there is no postmark on the motion, there is some evidence in the record that the motion was mailed on November 12. Both of the appellants' affidavits were sworn to before a notary on November 12. Appellants' cover letter to the county clerk, included in the clerk's record and file-stamped November 18, is dated November 12. Appellants signed verifications for the motion in addition to their affidavits, and these verifications were sworn to before a notary on November 12. The certificate of service on the motion states that Batie served the motion by certified mail to Landlord's counsel on November 12. In *Cooper v. Litton Loan Servicing, L.P.*, 325 S.W.3d 766, 770 (Tex. App.—Dallas 2010, pet. denied), we concluded that a certificate of service on opposing counsel that did not state either the method of service or the method of filing was insufficient under Rule 5. Here, in contrast, we conclude that there is some evidence that the motion was mailed on November 12. *See Alvarez v. Thomas*, 172 S.W.3d 298, 302–03 (Tex. App.—Texarkana 2005, no pet.) (rules and caselaw provide for other forms of prima facie evidence which may be considered in absence of postmark; certificate of service and attorney's affidavit and testimony were sufficient). We also note that Landlord did not contest appellants' motion in the trial court by filing a response or any controverting affidavits.

defendant uses some diligence in attempting to obtain a hearing, there is no waiver of error. *Continental Carbon Co..*, 27 S.W.3d at 188. Here, the record reflects that appellants not only included in their motion a "notice of hearing" to be filled out by the trial court, but also included a separate paragraph in their motion entitled "Request for Hearing" which presented argument and authorities about the necessity of a hearing. We conclude that appellants used some diligence in attempting to obtain a hearing. *See id.*

Landlord also argues that under Rule 306a, Texas Rules of Civil Procedure, and Rule 4.2, Texas Rules of Appellate Procedure, appellants were required to obtain a finding from the trial court of the date appellants actually received notice of the trial court's judgment. *See* TEX. R. CIV. P. 306a(4), (5) (no notice of judgment); TEX. R. APP. P. 4.2 (same). Rule 306a and Rule 4.2, however, apply if a defendant does not receive notice of the trial court's judgment and desires to extend the period for filing a motion for new trial or other post-judgment motion. *See* TEX. R. CIV. P. 306a(1), (4). Here, even though appellants filed affidavits stating that they did not receive notice of the judgment until November 11, 2010, they filed a timely motion for new trial the following day. Therefore, it was not necessary for them to obtain a ruling from the trial court regarding their actual receipt of notice of the trial court's judgment in order to extend the deadline for filing their motion for new trial. We reject Landlord's argument that we lack jurisdiction over this appeal.[4]

---

[4] Citing Illinois case law as well as Texas and federal opinions addressing bills of review, collateral attacks on judgments, and pleas to the jurisdiction, appellants also argue that the trial court "lacked jurisdiction" over Landlord's suit. None of these circumstances exist in this appeal of a forcible detainer judgment in a Texas county court at law. The county court had appellate jurisdiction over Landlord's suit. *See* TEX. R. CIV. P. 749 (either party may appeal from final judgment in justice court in forcible detainer case, to county court of county in which judgment rendered); *see also Rice v. Pinney*, 51 S.W.3d 705, 708–09 (Tex. App.—Dallas 2001, no pet.) (discussing county court's appellate jurisdiction in forcible detainer actions). The county court, however, did not have jurisdiction over most of *appellants'* claims, as we discuss in more detail below.

In their motion for new trial and on appeal, appellants contend that they did not receive timely notice of either the trial setting in county court or the trial court's judgment.[5] Appellants never obtained a hearing on their motion for new trial, and the motion was overruled by operation of law. TEX. R. CIV. P. 329b (c). Generally, a default judgment may be set aside if the defaulting party establishes the three elements set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392–93, 133 S.W.2d 124, 126 (Tex. 1939). *See Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (stating elements as (1) nonappearance was not intentional or the result of conscious indifference; (2) a meritorious defense; and (3) new trial would cause neither delay nor undue prejudice). When the first *Craddock* element is established by proof that the defaulted party was not given notice of a trial setting, however, the supreme court has "dispensed with the second element for constitutional reasons." *Id.* (citing *Lopez v. Lopez*, 757 S.W.2d 721, 722 (Tex. 1988) (per curiam)); *see also Mosser v. Plano Three Venture*, 893 S.W.2d 8, 12 (Tex. App.—Dallas 1994, no writ) (party who does not receive notice of summary judgment hearing is not required to comply with second and third *Craddock* elements).

With their motion for new trial, appellants filed sworn affidavits stating that they did not receive notice of the trial setting or the judgment until November 11, 2010. Appellants testified that they made inquiries at the justice court about the status of their appeal because they had received nothing from the court after filing their answer and counterclaims. They were told by a court clerk that the case had been closed. They made an appointment with a legal aid attorney, who obtained a copy of the judgment and showed it to appellants on November 11. The

---

[5] Appellants also complain that the justice court did not provide notice. Because the justice court's judgment was annulled by the appeal to the county court, however, we have no jurisdiction to review complaints about it. *See Stewart v. C.L. Trammell Props., Inc.*, No. 05-04-01027-CV, 2005 WL 2234607 at *2 (Tex. App.—Dallas Sept. 15, 2005, no pet.) (mem. op.). Further, appellants waived any defects in service in justice court by appealing the judgment of the justice court and filing an answer. TEX. R. CIV. P. 120, 121; *see also Montgomery v. Chase Home Finance, LLC*, No. 05-08-00888-CV, 2009 WL 2784587, at *1–2 (Tex. App.—Dallas Sept. 2, 2009, no pet.) (mem. op.) (appeal bond operates as answer and appearance in county court; waives complaints as to defects in service).

documents supplied by the attorney and attached to appellants' affidavits showed that notice had been sent to appellants at the Landlord's apartment complex. Appellants stated that they had supplied the court with a new address in their county court pleading, and did not receive the notice sent by the court to Landlord's apartment complex.

When applying the *Craddock* test, the trial court looks to the knowledge and acts of the defendant as contained in the record before the court. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). Where factual allegations in a movant's affidavits are uncontroverted, it is sufficient that the motion for new trial and accompanying affidavits set forth facts which, if true, would satisfy the *Craddock* test. *Id.* Here, the record does not contain a response by Landlord to appellants' motion for new trial or any controverting affidavits. In addition, at a hearing on a motion for new trial, affidavits attached to the motion do not have to be offered into evidence in order to be considered by the trial court regarding the elements of the *Craddock* test. *Evans*, 889 S.W.2d at 268. It is sufficient that the affidavits are attached to the motion for new trial and are part of the record. *Id.* Appellants established that they did not receive notice of the trial setting, and therefore established the first element of the *Craddock* test. *See Mathis*, 166 S.W.3d at 744. Thus, the trial court should have heard and granted appellants' motion for new trial. *Evans*, 889 S.W.2d at 270 (where motion for new trial and uncontroverted attached affidavits satisfied *Craddock* test, trial court's denial of motion for new trial was abuse of discretion).

MOOTNESS

Landlord contends that appellants' appeal on the issue of possession of the premises is moot. Landlord's suit in the justice and county courts was for forcible detainer. The sole question presented to the trial court in a forcible entry and detainer suit is the right to immediate possession of the property. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). A

forcible detainer action is a special proceeding created to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises. *Id.* Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *Marshall v. Housing Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). To prevail in a forcible entry and detainer action, a plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice*, 51 S.W.3d at 709.

We agree with Landlord that the issue of possession is moot. Appellants are no longer living on the premises; they contend that they moved out before Landlord attempted to serve notice of the trial setting in county court. Their only claim to possession of the premises would arise under the lease, which has expired. Without "a potentially meritorious claim of right to current, actual possession of the apartment," there is "no live controversy between the parties as to the right of current possession." *Marshall*, 198 S.W.3d at 787. Under these circumstances, the issue of possession of the premises is moot. *Id.*

Landlord, however, also joined a claim for rent due, as permitted by the rules of civil procedure. *See* TEX. R. CIV. P. 738. Appellants pleaded retaliation by the landlord as a defense to the suit for rent. *See* TEX. PROP. CODE ANN. § 92.335 (West 2007).[6] There is a live controversy between the parties as to the rent due. *See Brown v. Apex Realty*, 349 S.W.3d 162, 164 (Tex. App.—Dallas 2011, pet. dism'd) (where tenant's issues addressed the trial court's damage award, appeal not moot). We do not consider the merits of this controversy; we conclude only that appellants were entitled to a hearing on the issues that are not moot.

---

[6] As Landlord points out, however, section 92.335 provides "a defense . . . for nonpayment of rent to the extent allowed by this chapter." Section 92.335 explicitly provides that "[o]ther judicial actions under this chapter may not be joined with an eviction suit or asserted as a defense or crossclaim in an eviction suit." Therefore appellants may not assert an affirmative claim for damages for retaliation in this lawsuit. *Id.*

We reject appellants' arguments, however, that we or the trial court should consider their tort claims or any other claims that may not be asserted in a forcible detainer case. The county court had no jurisdiction over these claims, and cannot consider them on remand. TEX. R. CIV. P. 746 ("only issue" in forcible detainer is right to possession). Appellants cite to Texas Property Code section 24.008, which provides that "an eviction suit does not bar a suit for trespass [or] damages . . . ." TEX. PROP. CODE ANN. § 24.008 (West 2000). But these causes of action may be asserted only in a separate lawsuit, not in a forcible detainer action. *See, e.g., Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926–27 (Tex. App.—Dallas 2010, no pet.) (whether sale of property under deed of trust invalid may not be determined in forcible detainer but must be brought in separate suit); *Krull v. Somoza*, 879 S.W.2d 320, 322 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (damages for causes of action not related to maintaining or obtaining possession of premises not recoverable in forcible detainer action); *Rushing v. Smith*, 630 S.W.2d 498, 499 (Tex. App.—Amarillo 1982, no writ) (appellee could pursue claims for damages in separate proceeding, not in forcible entry and detainer suit).

## CONCLUSION

We reverse the trial court's judgment. We remand the cause for consideration of matters within the trial court's jurisdiction that are not moot.

         /David L. Bridges/
DAVID L. BRIDGES
JUSTICE

110024F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ELIZABETH A. FLACK-BATIE AND LISA A. BATIE, Appellants

No. 05-11-00024-CV        V.

CAMDEN CIMARRON, Appellee

Appeal from the County Court at Law No. 5 of Dallas County, Texas. (Tr. Ct. No. 10-06786-E).
Opinion delivered by Justice Bridges, Justices Francis and Lang, participating.

In accordance with this Court's opinion of this date, the portion of the trial court's judgment awarding rent, attorney's fees, interest, and costs to appellee Camden Cimarron is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings. It is **ORDERED** that appellant Elizabeth A. Flack-Batie and Lisa A. Batie recover their costs of this appeal from appellee Camden Cimarron.

Judgment entered February 6, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE