108 S.W.3d 914 (2003)
In the Interest of J.C., G.C., I.C., and T.C., Children.
No. 06-02-00175-CV.
Court of Appeals of Texas, Texarkana.
Submitted April 30, 2003.
Decided June 13, 2003.
*915 Alex Tyra, Law office of Alex Tyra, Longview, for Stephen Clark.
Joe Shumate, Henderson, for Kimberly Clark.
Carl H. Barber, Law Office of Carl H. Barber, Henderson, for ad litem.
Before MORRISS, C.J., ROSS and CORNELIUS,[*] JJ.

OPINION
Opinion by Justice ROSS.
Stephen Clark, the father of J.C., G.C., I.C., and T.C., children, appeals from a trial court order terminating his parental rights to the children. Clark raises three issues on appeal: (1) there is not a complete record, (2) the evidence is factually insufficient to support the order of termination, and (3) the trial court erred in denying Clark a jury trial. Because we sustain Clark's third issue, we find it unnecessary to address the other two.
*916 Our rules governing the trial of civil cases provide that a party is entitled to a jury trial if a written request is made within a reasonable time before the first trial setting on the nonjury docket, but in no event less than thirty days before such setting. Tex.R. Civ. P. 216. These rules further provide that the trial court is required to give the parties at least forty-five days' notice of the first trial setting. Tex.R. Civ. P. 245.
The original petition for divorce and termination of parental rights was filed in this case by the mother March 27, 2002. Clark was served with personal citation, while in prison, April 19, 2002. His original answer, request for appointment of attorney ad litem, and motion for issuance of a bench warrant was filed pro se May 22, 2002. Trial was apparently set on the nonjury docket for August 16, 2002. The record does not show whether Clark received proper notice under Tex.R. Civ. P. 245. The trial court appointed counsel for Clark, but counsel did not receive notice of his appointment until around August 5, 2002. Clark was transferred from prison in Jones County to the Rusk County Jail August 10, 2002, but his court-appointed counsel was not able to consult with him until August 14, 2002, when Clark advised him of his desire for a jury trial. Counsel filed an answer, a request for jury trial, and a motion for continuance. The court granted the continuance and reset the trial for August 22, 2002. Clark's request for a jury trial was denied. The court's judgment recites that the request for a jury was untimely.
Appellee contends Clark "had sufficient time to request a jury trial between the date the case was filed and the date final hearing was set,...." Clark's request for appointment of an attorney to represent him, however, was not granted until approximately two weeks before the first setting of the final hearing.
Tex. Fam.Code Ann. § 107.013(a)(1) (Vernon 2002) requires a trial court to appoint an attorney ad litem to represent the interest of an indigent parent who responds in opposition to a suit in which termination of the parent-child relationship is requested. Such appointment is mandatory. In re T.V., 8 S.W.3d 448, 449 (Tex.App.-Waco 1999, no pet.). This provision is in obvious recognition of the inability of mostif not allindigent parents to defend against such a serious matter as the termination of parental rights without the assistance of counsel. To obtain such assistance, all the statute requires of an indigent parent is to respond in opposition to the suit.
After being served with notice of suit to terminate his parental rights, Clark promptly filed a single document in which he responded in opposition to the suit, requested the appointment of an attorney ad litem, and requested that he be bench warranted from prison to attend the termination hearing. The record does not reflect that he purported to represent himself in any other way in these proceedings. He expressly testified at one of the hearings as to his need for an attorney. It is reasonable to assume that Clark, as a nonlawyer, was not aware of Rule 216 and that most people in Clark's situation would have thought that such a fundamental right as trial by jury would be automatic.
Obviously, Clark's counsel never had an opportunity to comply with Rule 216. He filed a request for jury trial on behalf of his client at his first opportunity, but this was well within thirty days before the trial setting. In Bell Helicopter Textron, Inc. v. Abbott, 863 S.W.2d 139 (Tex.App.-Texarkana 1993, pet. denied), we held that, when compliance with Rule 216 is made impossible by failure to give the notice required *917 by Rule 245, a demand for a jury trial made within thirty days of the trial setting will be deemed timely. Id. at 141. Here, compliance with Rule 216 was made impossible for Clark's court-appointed attorney ad litem by the lateness of his appointment. Just as the thirty-day period required by Rule 216 had to be expanded in Bell Helicopter because of the failure to give the forty-five days' notice required by Rule 245, so must it be expanded here because of the late appointment of Clark's counsel. See In re V.R.W., 41 S.W.3d 183, 195 (Tex.App.-Houston [14th Dist.] 2001, no pet.). We hold that the request for a jury trial made by Clark's counsel was timely. To hold otherwise has the potential of opening the door to repeated denial of a jury trial to countless other indigent parents who appear in the various courts throughout this State in opposition to the termination of their parental rights.
Appellee also contends that any error in the denial of Clark's right to a jury trial was harmless because no material issues of fact existed and an instructed verdict would have been justified. None of the cases cited by appellee, however, were termination cases involving the best interests of children. In addition to finding by clear and convincing evidence one of the acts enumerated in Section 161.001 of the Family Code, a court order to terminate parental rights must also find that termination is in the best interest of the child. Tex. Fam.Code Ann. § 161.001(1), (2) (Vernon 2002). Clark testified extensively at the final hearing and repeatedly denied that termination of his parental rights would be in the best interests of his children. This testimony was sufficient to defeat any motion for an instructed verdict.
Rights that inure in the parent-child relationship are of constitutional dimensions. Stanley v. Illinois, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); In re G.M., 596 S.W.2d 846, 846 (Tex.1980); In re N.K., 54 S.W.3d 499, 502-03 (Tex.App.-Texarkana 2001), vacated & remanded without reference to the merits, 89 S.W.3d 29 (Tex.2002). Because the involuntary termination of parental rights is complete, final, and irrevocable, trial court proceedings ordering termination must be strictly scrutinized. N.K., 54 S.W.3d at 503. Likewise, as we stated in Bell Helicopter, the right to a jury trial as guaranteed by our Constitution is one of our most precious rights and the denial of that right is a very serious matter. "Restrictions placed on the right to a jury trial will be subjected to the utmost scrutiny." Bell Helicopter Textron, Inc., 863 S.W.2d at 141. Applying such scrutiny to the facts of this case, Clark should not have been deprived of those constitutional rights "that inure in the parent-child relationship" without the benefit of his constitutional right to a jury trial.
The judgment is reversed and the case remanded to the trial court for a jury trial.
NOTES
[*] William J. Cornelius, C.J., Retired, Sitting by Assignment.