# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-14-00580-CV

---

**G. W., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

**FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
NO. 42119, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

G.W. appeals the trial court's judgment terminating his parental rights to his child, S.W., following a bench trial.[1]  *See* Tex. Fam. Code § 161.001.  In two issues, he contends that the trial court denied him the right to effective assistance of counsel because it delayed appointing him counsel and that the trial court abused its discretion when it denied his request for a jury trial.  For the reasons that follow, we reverse the judgment and remand the case to the trial court for further proceedings consistent with this opinion.[2]

---

[1]  We use initials to refer to appellant and his child.  *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8.

[2]  The trial court also terminated the parental rights of the child's mother, K.K., in the judgment.  Prior to the bench trial, the mother executed an affidavit of relinquishment of parental rights and has not appealed.

## BACKGROUND

The Department filed a petition seeking to terminate the parental rights of the mother and G.W. in November 2013. At that time and during the pendency of this case, G.W. has been in jail. G.W. was served with the petition in November 2013, and he filed a letter with the district clerk in December 2013, protesting the suit and requesting, among other relief, a bench warrant.

An adversary hearing was held in November 2013, and a status review hearing was held in January 2014. Both hearings were before an associate judge. G.W.'s request for a bench warrant was not granted for either hearing, and he did not attend the hearings. He also was not appointed counsel. At the January 2014 hearing, the record reflects that the associate judge was under the impression that G.W. was in default. The initial permanency hearing, also before the associate judge, was held in May 2014. Again, G.W. did not attend this hearing. At the hearing, the Department informed the associate judge of the letter from G.W. opposing the termination of his parental rights. At the suggestion of the Department's counsel, the associate judge appointed counsel for G.W.

G.W. filed a request for a jury trial on June 20, 2014, which the associate judge subsequently denied. On August 15, 2014, G.W. filed a request for de novo review of the associate judge's denial of his request for a jury trial.[3] G.W. also filed a request for jury trial on the same day as the bench trial. G.W., however, did not pay a jury fee or file an oath of inability to pay with the district clerk. *See* Tex. R. Civ. P. 216, 217.

---

[3] According to G.W., the associate judge denied G.W.'s request for a jury trial on August 15, 2014. The order denying de novo appeal similarly states that the associate judge denied the request on that day.

2

The bench trial occurred on August 18, 2014. The Department called the caseworker who was assigned to the child and the child's great-grandmother, the attorney ad litem called the CASA representative, and G.W. testified on his own behalf. The associate judge found that "[a] jury was waived" and terminated G.W.'s parental rights based on subsections (D), (E), and (Q) of section 161.001(1) of the Family Code and his finding that termination of G.W.'s parental rights was in the child's best interest. *See* Tex. Fam. Code § 161.001(1)(D), (E), (Q), (2).[4]

After a hearing on September 3, 2014, the district court denied the de novo appeal of G.W.'s request for a jury trial. In its order, the district court found that the request for a jury trial was not filed in a timely manner pursuant to Texas Rule of Civil Procedure 217 and remanded the case to the associate judge. *See* Tex. R. Civ. P. 217 (addressing oath of inability in lieu of deposit for jury fee). The associate judge signed the final order on September 5, 2014. This appeal followed.[5]

---

[4] As to the statutory grounds, the trial court found that G.W. "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child," "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child," and "knowingly engaged in criminal conduct that has resulted in [G.W.]'s conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of filing the petition." *See* Tex. Fam. Code § 160.001(1)(D), (E), (Q).

[5] As a threshold matter, we requested a response from G.W. concerning this Court's subject matter jurisdiction over the associate judge's order. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 103 (Tex. 2012) ("Subject matter jurisdiction cannot be waived or conferred by agreement, can be raised at any time, and must be considered by a court sua sponte."). In his response, G.W. urges that this Court has jurisdiction over the associate judge's order pursuant to section 201.2041 of the Family Code. *See* Tex. Fam. Code § 201.2041(a); *see also id.* §§ 201.201–.209 (addressing specific rules for associate judges of child protection courts). We agree with G.W. that section 201.2041(a) applies here, and that the order, therefore, is final and appealable. *See In re A.W.*, 384 S.W.3d 872, 874 (Tex. App.—San Antonio 2012, no pet.) (noting in context of child protection case that associate judge's order of termination did not require adoption by district judge and was final, appealable order); *see also* 33 John Elder, *Tex. Prac. Series: Handbook of Fam. Law* § 31:5 (2014–2015 ed.); *cf.* Tex. Fam. Code § 201.013(b) (stating that generally "if a request for a de novo hearing before the

3

**ANALYSIS**

In two issues, G.W. contends that the trial court denied him the right to effective assistance of counsel when it delayed appointing him counsel until after the adversary and status review hearings, *see In re M.S.*, 115 S.W.3d 534, 544 (Tex. 2003), and that it abused its discretion when it denied his request for a jury trial. *See Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996) (denial of request for jury trial reviewed for abuse of discretion). We begin with the second issue because it is dispositive. *See* Tex. R. App. P. 47.1.

"A parental rights termination proceeding encumbers a value 'far more precious than any property right.'" *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758 (1982)). "Rights that inure in the parent-child relationship are of constitutional dimensions." *In re J.C.*, 108 S.W.3d 914, 917 (Tex. App.—Texarkana 2003, no pet.) (citing *Stanley v. Illinois*, 405 U.S. 645 (1972); *In re G.M.*, 596 S.W.2d 846, 846 (Tex. 1980)). "Because the involuntary termination of parental rights is complete, final, and irrevocable, trial court proceedings ordering termination must be strictly scrutinized." *Id.* (citation omitted). Further, the "right to a jury trial as guaranteed by our Constitution is one of our most precious rights and the denial of that right is a very serious matter." *Id.*; *see* Tex. Const. art. I, § 15; art. V, § 10. "Restrictions placed on the right to a jury trial will be subjected to the utmost scrutiny." *Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 141 (Tex. App.—Texarkana 1993, writ denied).

---

referring court is not timely filed or the right to a de novo hearing before the referring court is waived, the proposed order or judgment of the associate judge becomes the order or judgment of the referring court only on the referring court's signing the proposed order or judgment").

G.W.'s initial jury request was made more than a month prior to the trial setting and shortly after counsel was appointed for G.W. *See* Tex. R. Civ. P. 216 (noting that jury request should be made "a reasonable time before the date set for trial of the cause on the non-jury docket, but not less than thirty days in advance"). "A request in advance of the thirty-day deadline is presumed to have been made a reasonable time before trial." *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991) (per curiam). Because the request was made more than thirty days before the trial setting, G.W.'s request for a jury trial was presumed to have been made in a reasonable time.[6] *See id.* The Department could have rebutted that presumption "by showing that the granting of a jury trial would operate to injure the [Department], disrupt the court's docket, or impede the ordinary handling of the court's business." *Id.* But the Department failed to do so. The bench trial was held several months before the mandatory dismissal date, *see* Tex. Fam. Code § 263.401(a), and the trial lasted less than one hour.

The Department urges that the trial court did not abuse its discretion when it denied G.W.'s jury request because G.W. did not pay a jury fee or file an affidavit of indigence. *See* Tex. R. Civ. P. 216 (requiring request for jury trial and deposit of jury fee or oath of inability), 217 (fee not required if party files "affidavit to the effect that he is unable to make such deposit, and that he can not, by the pledge of property or otherwise, obtain the money necessary for that purpose"); *see*

---

[6] Although a scheduling order is not in the record, according to G.W., the trial court issued a scheduling order setting the deadline of May 2, 2014, for jury demands. Given that G.W.'s attorney was not appointed until that day, we decline to conclude that G.W.'s jury request was untimely based on the scheduling order. *See In re J.C.*, 108 S.W.3d 914, 916–17 (Tex. App.—Texarkana 2003, no pet.) (considering lateness of appointment of counsel to support conclusion that request for jury trial made by counsel was timely).

*also In re M.N.M.*, No. 05-14-00723-CV, 2014 Tex. App. LEXIS 12853, at \*22–24 (Tex. App.—Dallas Dec. 1, 2014, no pet.) (mem. op.) (concluding that mother had not demonstrated reversible error respecting denial of jury trial request when record did not reflect that jury fee paid or that "[m]other was excused from paying such fee"). The record does not reflect that G.W. deposited a jury fee or filed an oath of inability to pay with the district clerk, and the district court in its order denying the request for de novo review of G.W.'s request for a jury trial cited Texas Rule of Civil Procedure 217 to support its ruling. *See* Tex. R. Civ. P. 217.

G.W.'s indigency, however, was not contested. The associate judge appointed counsel for G.W. at the May 2014 hearing at the suggestion of the Department's attorney and after being informed by the Department that G.W. had responded in opposition to the termination of his parental rights. *See* Tex. Fam. Code §§ 107.013 (requiring trial court to appoint an attorney ad litem to represent the interests of "an indigent parent who responds in opposition to the termination"), 263.0061 (requiring court to inform parents not represented by attorney at hearings of right to court-appointed attorney if indigent and, "[i]f the court determines the parent is indigent, the court shall appoint an attorney to represent the parent"). In this context, we decline to conclude that G.W.'s jury trial request was untimely based on the failure to deposit the jury fee or to file an oath of inability under rule 217. *See In re J.C.*, 108 S.W.3d at 916–17.

Further, "[e]ven when a party does not timely pay the jury fee, courts have held that a trial court should accord the right to jury trial if it can be done without interfering with the court's docket, delaying the trial, or injuring the opposing party." *General Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (citing, among other authority, *Allen v. Plummer*, 9 S.W. 672, 673

(1888) ("[T]he failure to make [a timely jury fee payment] does not forfeit the right to have a trial by jury when such failure does not operate to the prejudice of the other party.")). As was previously stated, the bench trial was held several months before the mandatory dismissal date, and the trial lasted less than one hour. The parental rights at issue were of constitutional dimension, and there was no showing that granting a jury trial would harm the opposing party or the court's schedule. On this record, we conclude that the trial court abused its discretion when it denied G.W.'s request for a jury trial. *See In re J.C.*, 108 S.W.3d at 916–17 (reversing judgment and remanding for jury trial when incarcerated parent's attorney filed jury request within 30 days of trial setting but "at his first opportunity").

We also conclude that the refusal to grant a jury trial was harmful error. "A refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *Halsell*, 810 S.W.2d at 372; *In re J.N.F.*, 116 S.W.3d 426, 437 (Tex. App.—Houston [14th Dist.] 2003, no pet.). A disputed issue at trial was whether termination of G.W.'s parental rights was in the best interest of the child. *See* Tex. Fam. Code § 161.001(2); *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). G.W. testified that he believed that when he was released from jail that he "could do everything that's necessary to raise [his] son and to raise him the right way and, you know, to be a good father." He also denied harming his son. Viewing this evidence under the clear and convincing standard of proof, we cannot conclude that directed verdict would have been justified because disputed facts surrounded the best interest finding. *See In re J.N.F.*, 116 S.W.3d at 437; *see also In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002) (discussing standard of proof and review in parental-rights termination cases); *In re J.C.*,

7

108 S.W.3d at 917 (concluding that testimony by parent was sufficient to defeat motion for instructed verdict); *In re U.P.*, 105 S.W.3d 222, 230 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("There is a strong presumption that the best interest of a child is served by keeping the child with the natural parent.").

The Department urges that G.W. waived his right to a jury trial. The Department focuses on G.W.'s attorney's statement during the opening announcements of the bench trial that "[w]e're ready" and G.W.'s failure to request a jury trial or seek a continuance at that time. The judgment also includes a statement that "[a] jury was waived." "In order to preserve a trial court's error in conducting a bench trial despite a party's perfected right to a jury trial, the party must timely object to the trial court's action or affirmatively indicate that it intends to exercise its right to a jury trial." *In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *see also* Tex. R. App. P. 33.1; *Brothers v. West*, No. 2-08-202-CV, 2009 Tex. App. LEXIS 3168, at *5–6 (Tex. App.—Fort Worth May 7, 2009, no pet.) (mem. op.) (noting that litigant waives right to jury trial "if the litigant participates in a bench trial without objection").

At the time of the bench trial, G.W.'s request for de novo review of the denial of his request for a jury trial was pending before the district court, and he filed another request for a jury trial on the day of the bench trial. These actions affirmatively showed that he did not intend to waive his right to a jury trial and, on this record, were sufficient to preserve his complaint as to the denial of his request for a jury trial. *See In re D.R.*, 177 S.W.3d at 580; *West*, 2009 Tex. App. LEXIS 3168, at *5–6 (concluding civil litigant waived request for jury trial because he did not object to "trial court proceeding with a bench trial," and "did not otherwise take any affirmative action to indicate that

he intended to stand on his perfected right to a jury"). Thus, we conclude that G.W. did not waive his right to a jury trial. We sustain G.W.'s second issue and do not reach his first issue. *See* Tex. R. App. P. 47.1.

## CONCLUSION

For these reasons, we reverse the portion of the judgment terminating G.W.'s parental rights and remand the case to the trial court for further proceedings consistent with this opinion.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Pemberton and Goodwin

Reversed and Remanded

Filed: February 11, 2015