

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00062-CV

_____


IN THE INTEREST OF K.S., K.M., AND K.E., CHILDREN



On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 15-20



Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Mother appeals the trial court's order terminating her parental rights to her three children, K.S., K.M., and K.E., on grounds that she constructively abandoned them and failed to comply with all terms of a court-ordered family service plan.[1]  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(N), (O) (Supp.).  On appeal, Mother argues that the trial court erred by striking her jury demand as a sanction for her failure to appear at an ordered mediation and post-mediation hearing.  Because we sustain Mother's point of error on appeal, we reverse the portion of the trial court's order that terminated Mother's parental rights and remand the case to the trial court for further proceedings.

"Generally, a party has a right to trial by jury.  This right to a jury trial as guaranteed by our Constitution is one of our most precious rights."  *Grossnickle v. Grossnickle*, 865 S.W.2d 211, 212 (Tex. App.—Texarkana 1993, no pet.) (citing TEX. CONST. art. I, § 15; TEX. CONST. art. V, § 10).  "The denial of that right is a very serious matter; restrictions placed on the right to a jury trial will be subjected to the utmost scrutiny."  *Id.* (citing *Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139 (Tex. App.—Texarkana 1993, pet. denied)).

In this case, Mother made a request for a jury trial and paid the jury fee.  The parties, which included two fathers who are not a party to this appeal, were first scheduled to mediate the case in January 2021, but the mediator recessed the mediation after noting that the Department of Family and Protective Services (Department) had sent notices to the parties that contained the wrong mediation time.  At a February 26 hearing, the parties requested another opportunity to

---

[1]To protect the confidentiality of the children involved, we use pseudonyms to refer to the children and refer to the children's mother as "Mother."  *See* TEX. R. APP. P. 9.8(b)(2).

mediate the case. On March 1, the trial court signed an order that referred the case back to mediation and set a jury trial for May 21. The trial court's order stated that "all named parties shall be present during the entire mediation process" and further said that "all parties are ORDERED to appear as directed by the mediator."

During an April 12 status hearing in which Mother did not appear, the trial court was informed that the case would be mediated on April 19. Mother's counsel had difficulty contacting the absent Mother, and the trial court expressed concern that none of the parents would show up for mediation. As a result, the trial court orally ordered all parties to appear for the April 19 mediation and for an April 23 post-mediation hearing. Without any request by the Department, the trial court stated orally that failure to appear on either date could result in the striking of the demand for a jury trial. Even though the trial court made an oral ruling on April 12, it did not sign a written order requiring the April 19 and 23 appearances until April 20, the day after the mediation. The order, which stated that "[f]ailure to appear at either the mediation or the hearing scheduled [for] April 23, 2021, could result in the Respondent's Request for jury trial being stricken," was not filed until April 22.

Mother did not appear at the 9:00 a.m. mediation but called her counsel and the Department's caseworker at 10:40 a.m. to request that the mediation be rescheduled because her vehicle had a flat tire. Mother also did not appear at the post-mediation hearing. At that hearing, Mother's counsel said that she had spoken with Mother before the mediation and that Mother indicated she would be there. Although counsel assured the trial court that Mother knew her presence was required during the mediation and post-mediation hearing, it was unclear whether

3

Mother was aware that her failure to appear would cause her jury demand to be struck. After prompting by the trial court, the Department orally requested that the jury demand be struck. The trial court granted the request after Mother's counsel said, "I don't really have a stance in regard to the jury demand." On April 30, the trial court entered an order striking Mother's jury demand after finding that Mother did not appear at the mediation or post-mediation hearing.

At the beginning of the bench trial, the court noted that Mother had filed a jury demand, that Mother did not abide by the trial court's orders to appear, and that, "therefore, the Court had stricken the jury demand on the next hearing, April the 23rd." No lesser sanction was considered or mentioned in the appellate record. Testimony from the bench trial showed that the Department was aware that Mother had "car trouble" on occasion, that Mother had texted the Department's caseworker to inform her that "something was wrong with her car" before the mediation, and that Mother testified that her car was "running hot" and that she had a flat tire on the day of mediation.

In her sole point of error on appeal, Mother argues that the trial court erred in sanctioning her by striking her request for a jury trial because the order requiring her attendance at mediation was signed on the day after the mediation was held and because the sanction was unjust.[2] We

---

[2]The Department argues that Mother waived her right to a jury trial because she did not object after the trial court announced that it was striking her jury demand. However, "because a trial court's adverse ruling on a jury demand removes the jury trial alternative and leaves the party 'without a conscious choice between a jury and non-jury trial,'" and because "we strictly scrutinize termination proceedings and closely scrutinize the denial of the right to a jury trial," we find that Mother "did not waive h[er] right to a jury trial by participating in the bench trial" in this case. *In re J.M.*, No. 12-19-00353-CV, 2020 WL 1528054, at *8–9 (Tex. App.—Tyler Mar. 31, 2020, no pet.) (mem. op.) (quoting *Coleman v. Sadler*, 608 S.W.2d 344, 346 (Tex. App.—Amarillo 1980, no writ); (citing *E.E. v. Tex. Dep't of Fam. & Protective Servs.*, 598 S.W.3d 389, 398 (Tex. App.—Austin 2020, no pet.); *Brubaker v. Brubaker*, No. 03-18-00273-CV, 2019 WL 6205518, at *3 (Tex. App.—Austin Nov. 21, 2019, no pet.) (mem. op.)). Our finding is supported by the trial court's clarification at the beginning of trial that the case was tried to the bench because it had struck Mother's jury demand, and we conclude that Mother was not required to further object after

4

are to review for an abuse of discretion a ruling on a motion for sanctions. *Matter of Mize*, 558 S.W.3d 187, 194 (Tex. App.—Texarkana 2018, no pet.) (quoting *Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 572, 573–74 (Tex. 2018) (per curiam) (citing *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004); *In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (per curiam) (orig. proceeding))). "That authority is not, however, without limits." *Id.* (quoting *Altesse Healthcare*, 540 S.W.3d at 572). "[W]e examine the entire record in determining whether a trial court abused its discretion." *Id.*

"A trial court's discretion is limited by the requirements that sanctions be 'just' and comport with due process." *Id.* at 195 (quoting *Palau v. Sanchez*, No. 03-08-00136-CV, 2010 WL 4595705, at *7 (Tex. App.—Austin Nov. 10, 2010, pet. denied) (mem. op.) (citing TEX. R. CIV. P. 215.2(b); *TransAmerican Nat'l Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding)). "[F]or a sanction to be just, 'a direct relationship must exist between the offensive conduct and the sanction imposed,'" and "'sanctions must not be excessive.'" *Id.* (quoting *Altesse Healthcare*, 540 S.W.3d at 575) (quoting *TransAmerican*, 811 S.W.2d at 917)). "In other words, a court imposing sanctions must seek to ensure that '[t]he punishment . . . fit[s] the crime.'" *Id.* (quoting *Altesse Healthcare*, 540 S.W.3d at 572) (quoting *TransAmerican*, 811 S.W.2d at 917). "This means that a just sanction must be directed against the abuse and toward

receiving the adverse ruling. *See L. C. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-20-00481-CV, 2021 WL 1148959, at *4 (Tex. App.—Austin Mar. 26, 2021, pet. denied) (mem. op.). We also find that Mother's counsel's statement that she did not "have a stance in regard to the jury demand" did not constitute an "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right" and did not operate to waive the constitutional right to a jury trial that Mother had secured. *Sun Expl. & Prod. Co. v. Benton*, 728 S.W.2d 35, 37 (Tex. 1987); *see In re J.M.*, 2020 WL 1528054, at *8.

remedying the prejudice caused the innocent party." *Id.* (citing *TransAmerican*, 811 S.W.2d at 917).

The nature of this case sets it apart from other civil cases since "the natural right between a parent and [her] child is one of constitutional dimensions," and "termination proceedings must be strictly scrutinized." *In re L.J.G.*, No. 04-17-00526-CV, 2018 WL 340129, at *4 (Tex. App.—San Antonio Jan. 10, 2018, no pet.) (mem. op.) (quoting *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014) (citation omitted)). "The Texas Constitution guarantees the right to trial by jury, and section 105.002 of the Texas Family Code provides for the right to a jury trial in a termination proceeding." *Id.* (citing TEX. CONST. art. I, § 15; TEX. FAM. CODE ANN. § 105.002)). "Accordingly, if a jury trial is timely requested in a termination proceeding, a motion striking that request as a sanction must be strictly scrutinized." *Id.* (citing *In re K.M.L.*, 443 S.W.3d at 112). As a result, "a showing of a direct nexus between misconduct and striking a jury demand assumes particular importance in cases involving determination of parental rights, in which the legislature has mandated that jury decisions regarding certain custody-related issues are binding on the trial court." *Id.* at *9 (quoting *Young v. Young*, No. 03-14-00720-CV, 2016 WL 7339117, at *9 (Tex. App.—Austin Dec. 15, 2016, no pet.) (mem. op.).

Here, the case was already set for a jury trial,[3] and it is unclear whether Mother, who informed her counsel and the Department of transportation issues, was made aware that the consequences of her failure to attend the mediation and post-mediation hearing would be the

---

[3]The Department argues that scheduling a jury trial during the COVID-19 pandemic required extra consideration and planning. While true, we fail to see how this fact impacts the analysis because the case was already scheduled for a jury trial and nothing in the record suggests that the trial court considered the "difficulties imposed by the COVID pandemic" in denying Mother's right to a jury trial.

striking of her jury demand. Also, the Department made no showing of prejudice in its oral motion to strike Mother's jury demand. As in *In re L.J.G.*, we find that "the record establishes no connection between denying [Mother] [her] constitutional right to a jury trial and curing the prejudice that her failure to appear at the mediation caused." *Id.* at \*5. We also find no such connection with respect to Mother's failure to attend the post-mediation hearing. Because nothing in the record shows that the sanction of denying Mother's jury trial was directly related to her misconduct or otherwise served the legitimate purpose of curing the misconduct, we find that striking the jury demand was not a just sanction. In other words, the punishment did not fit the crime. *See id.*; *England v. Kolbe*, No. 03-15-00409-CV, 2017 WL 1228884, at \*7 (Tex. App.—Austin Mar. 30, 2017, no pet.) (mem. op.) (citing *Young*, 2016 WL 7339117, at \*8; *In re K.A.C.O.*, No. 14-07-00311-CV, 2009 WL 508295, at \*9 (Tex. App.—Houston [14th Dist.] Mar. 3, 2009, no pet.) (mem. op.)).

"Moreover, the Texas Supreme Court has also held that 'sanctions cannot be "more severe than necessary to satisfy the legitimate purposes of sanctions.'" *Mize*, 558 S.W.3d at 196 (quoting *Altesse Healthcare*, 540 S.W.3d at 575). "This requires a trial court 'to consider the availability of lesser sanctions. . . .'" *Id.* (quoting *Altesse Healthcare*, 540 S.W.3d at 576) (quoting *Cire v. Cummings*, 134 S.W.3d 835, 840 (Tex. 2004) (emphasis omitted)). "It 'must either consider lesser sanctions on the record or test lesser sanctions.'" *Id.* (quoting *Knoderer v. State Farm Lloyds*, No. 06-13-00027-CV, 2014 WL 4699136, at \*10 (Tex. App.—Texarkana Sept. 19, 2014, no pet.) (mem. op.) (quoting *Cire*, 134 S.W.3d at 840)). "Thus, a trial court either must impose lesser sanctions first or must clearly explain on the record why the case is an

7

exceptional case where it is fully apparent that no lesser sanctions could promote compliance." *Id.* (quoting *Knoderer*, 2014 WL 4699136, at *11). Here, the record does not reflect that the trial court considered any lesser sanction, including contempt. *See In re L.J.G.*, 2018 WL 340129, at *5 (citing *Young*, 2016 WL 7339117, at *8–9).

Even so, the Department argues that the denial of Mother's right to a jury trial merely "raises an inference of probable harm," *see City of Garland v. Dallas Morning News*, 969 S.W.2d 548, 560 (Tex. App.—Dallas 1998), *aff'd*, 22 S.W.3d 351 (Tex. 2000) (citing *Harris v. Harris*, 679 S.W.2d 75, 77 (Tex. App.—Dallas 1984, writ dism'd)), and that denial in this case resulted in no actual harm to Mother. "[A]n erroneous order striking a jury demand is harmless only if the record shows that no material fact issues exist." *Young*, 2016 WL 7339117, at *9 (citing *Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991) (per curiam)). "[B]ecause numerous material fact issues exist in a parental[-rights] termination case, the erroneous denial of a jury trial in this case was harmful error." *In re L.J.G.*, 2018 WL 340129, at *5 (citing *Young*, 2016 WL 7339117, at *9); *In re A.S.*, 241 S.W.3d 661, 666 (Tex. App.—Texarkana 2007, no pet.) ("The wrongful denial of a jury trial is harmful, and requires reversal, 'when the case contains material fact questions.'") (quoting *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 667 (Tex. 1996)); *see Simpson v. Stem*, 822 S.W.2d 323, 325 (Tex. App.—Waco 1992, orig. proceeding) (reversing order denying timely jury demand, noting that "the permanent custody of the children clearly involves factual disputes on which a jury could pass")). Here, because Mother testified that it was not in the children's best interests for her parental rights to be terminated, there was conflicting evidence regarding the children's best interests. *See In re L.C.*,

8

2021 WL 1148959, at *6 (citing *In re J.C.*, 108 S.W.3d 914, 917 (Tex. App.—Texarkana 2003, no pet.) (holding that parent's testimony that termination would not be in best interest of the child was sufficient to defeat motion for instructed verdict)).[4] We sustain Mother's sole point of error on appeal.

We reverse the portion of the trial court's order terminating Mother's parental rights to K.S., K.M., and K.E. and remand the case to the trial court for further proceedings. We affirm the order in all other respects, including the portion of the order appointing the Department as the managing conservator of the children. *See In re J.L.G.*, No. 06-16-00087-CV, 2017 WL 1290895, at *11 (Tex. App.—Texarkana Apr. 6, 2017, no pet.) (mem. op.) (citing *In re J.A.J.*, 243 S.W.3d 611, 615–17 (Tex. 2007) (reversal of parental termination order in judgment does not affect conservatorship order in same judgment absent challenge to conservatorship order)).


Josh R. Morriss, III
Chief Justice

Date Submitted:     September 29, 2021
Date Decided:       October 19, 2021

---

[4]The Department cites *In re J.M.* for the proposition that Mother suffered no harm from the denial of her right to a jury trial. *In re J.M.* correctly referenced the rule that "[a] refusal to grant a jury trial is harmless error only if the record shows that no material issues of fact exist and an instructed verdict would have been justified." *In re J.M.*, 2020 WL 1528054, at *9. Even so, it found no harm from the denial of a jury trial because only the Department's caseworker and the CASA supervisor testified in favor of termination, the parent did not appear at the final hearing, and there was no evidence presented on behalf of the parent. *Id.* at *10. As a result, the evidence presented by the Department in *In re J.M.* was wholly uncontested. Because of Mother's testimony, that is not the case here. As a result, Mother was entitled to have a jury determine the fact questions at issue.

9