

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00349-CV

---

## IN THE INTEREST OF M.H., JR., A CHILD

---

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. DC-2022-FM-0034, Honorable Kara L. Darnell, Associate Judge Presiding

---

March 30, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Mother, appeals the trial court's order terminating her parental rights to her son, M.H.[1]  By her appeal, Mother argues that the trial court abused its discretion by granting her court-appointed counsel's motion to withdraw at the commencement of trial. We reverse and remand.

---

[1] To protect the privacy of the parties involved, we will refer to Appellant as "Mother," and to the child by initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

**BACKGROUND**

In January of 2022, the Texas Department of Family and Protective Services opened an investigation after Mother and M.H. tested positive for methamphetamine shortly after M.H. was born. On January 10, the Department filed its petition for protection, conservatorship, and termination of parental rights.[2] On that same day, the court found Mother was indigent and appointed her an attorney. The attorney represented Mother at the adversary hearing on February 1. The court entered temporary orders appointing the Department as temporary managing conservator of M.H.

The Department prepared a family service plan, which Mother signed. Mother did not complete the service plan requirements, but she did participate in visitation with M.H. The Department provided transportation to Mother for her visitation with M.H. According to her caseworker, the last time Mother visited with M.H. was a month and a half before the final hearing.

The associate judge conducted a bench trial on October 13, 2022. Mother did not appear for trial.[3] When the judge called the case for trial, Mother's court-appointed counsel made the following announcement:

> Attorney: Your Honor, I'm [L.M.] on behalf of [Mother]. Your Honor, I am not ready. I have not had contact with my client since March of 2022. At this point I have attempted. I've contacted the caseworker several times to update my phone numbers to make sure I had the correct contact information. I tried even as of yesterday. I called and left messages and there has been no contact, so at this time I would offer a – I would like to

---

[2] Father's parental rights were also terminated in this proceeding. Father does not appeal.

[3] No evidence in the record indicates that Mother was given notice of the trial date.

file a Motion to Withdraw as I do not have and am not able to present a case today.

The Court: Okay. The Court will grant your Motion to Withdraw, Ms. [M], and you are free to go. If you will just file that in writing today and send me an order, I will sign it.

After the judge granted the oral motion to withdraw, she proceeded to hear evidence from the Department caseworker supporting the termination of Mother's parental rights. At the conclusion of the trial, the judge terminated Mother's parental rights to M.H. based on the ground of failure to comply with a court order that established actions necessary to retain custody of the child. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(O).[4] The judge also found that termination was in the best interest of M.H. *See id.* § 161.001(b)(2). The Department was appointed the managing conservator of M.H. The judge adjourned the trial. The motion to withdraw was filed later that same day.

One week later, the associate judge appointed appellate counsel on the basis that Mother was an indigent parent. Mother timely filed this appeal.

In her sole issue, Mother contends the trial court abused its discretion in permitting the withdrawal of her court-appointed attorney ad litem on the morning of trial, leaving Mother without representation.

---

[4] The trial court orally pronounced that termination was based on the grounds in section 161.001(b)(1)(D), (E), and (O), but the written termination order references subsection (O) only.

Further references to provisions of the Texas Family Code will be by reference to "section ___" or § ___."

3

"Rights that inure in the parent-child relationship are of constitutional dimensions." *In re J.C.,* 108 S.W.3d 914, 917 (Tex. App.—Texarkana 2003, no pet.) (citing *Stanley v. Illinois,* 405 U.S. 645, 658, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972)); *see also Santosky v. Kramer,* 455 U.S. 745, 758, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) ("A parental rights termination proceeding encumbers a value 'far more precious than any property right.'"). We have previously characterized parental rights as "sacred." *In re J.F.,* 589 S.W.3d 325, 331 (Tex. App.—Amarillo 2019, no pet.). Because of the importance of these rights and the finality of a termination order, trial courts must "observe fundamentally fair procedures" and, on review, termination proceedings will be "strictly construed in favor of the parent." *Id.* at 332 (citing *In re E.R.,* 385 S.W.3d 552, 555 (Tex. 2012)).

We review a trial court's decision to grant a motion to withdraw as counsel for abuse of discretion. *B.B. v. Tex. Dep't of Family & Protective Servs.,* No. 03-15-00082-CV, 2015 Tex. App. LEXIS 4544, at *8 (Tex. App.—Austin May 5, 2015, no pet.) (mem. op.). Under an abuse of discretion standard, an appellate court may reverse the decision of a trial court only if the trial court's ruling was without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985).

## ANALYSIS

<u>Mother's Right to Counsel</u>

In her sole issue, Mother contends that the trial court erred in allowing her court-appointed attorney to withdraw on the day of the final termination hearing, in violation of section 107. *See* § 107.013(a)(1). The Department responds that Mother effectively

waived her right to representation by not participating in the case and failing to communicate with her attorney.

Given the fundamental nature of the interests at stake, Texas laws afford indigent parents opposing state-initiated termination proceedings the right to appointed counsel. *See id.* (requiring appointment of attorney for "indigent parent of the child who responds in opposition to the termination"); *In re R.R.-L.,* No. 05-19-00507-CV, 2019 Tex. App. LEXIS 9351, at *3 (Tex. App.—Dallas Oct. 23, 2019, no pet.) (mem. op.) (failure to appoint counsel for indigent parent in state-initiated termination proceedings constitutes reversible error). A parent found to be indigent remains indigent for the duration of the suit and any subsequent appeal unless there is a determination that the parent is no longer indigent. § 107.013(e); *In re P.M.,* 520 S.W.3d 24, 26 (Tex. 2016). The right to counsel under section 107.013(a)(1) includes all court proceedings through the exhaustion of appeals under section 107.016(2). *In re P.M.,* 520 S.W.3d at 27. Having undertaken to grant the right to counsel to an indigent parent, the State must administer that right consistent with the Due Process Clause of the Fourteenth Amendment. *See In re K.L.,* 91 S.W.3d 1, 6 (Tex. App.—Fort Worth 2002, no pet.) (indigent parent's right to appointed counsel in termination proceeding should be administered "consistent with the Due Process Clause of the Fourteenth Amendment"; due process requires "fundamental fairness" and "meaningful process").

Once appointed by the trial court, an attorney may withdraw from representation only for good cause. *See* TEX. R. CIV. P. 10 (specifying requirements for attorneys seeking to withdraw, including written motion showing good cause, delivering a copy of

5

the motion to the client, and notifying the client in writing of the right to object to the motion).

Here, after the Department filed its petition for termination, the associate judge found that Mother was indigent and appointed an attorney to represent her. There is nothing in the record to indicate that Mother's indigency status changed before the final hearing. *See* § 107.013(e). When the court called the case for final hearing, Mother's attorney announced, "not ready" and urged an *oral* motion to withdraw. No prior notice of the withdrawal was given to Mother and the trial court did not make a finding of "good cause" on the record.[5] Mother was effectively abandoned by her attorney at a critical stage of the proceeding. *See In re J.M.O.,* 459 S.W.3d 90, 94 (Tex. App.—San Antonio 2014, no pet.) (final hearing on petition to terminate parent-child relationship is critical stage of termination proceeding); *In re J.O.A.,* 283 S.W.3d 336, 343 (Tex. 2009) (recognizing that attorney must satisfy requirements of Rule 10 in order to withdraw and stating that attorney's failure to do so left parent without representation at critical stage of proceeding). Moreover, the attorney's filing of a written motion to withdraw after the motion had been granted and after the trial concluded does not fulfill the requirements of Rule 10.

Notwithstanding an attorney's responsibilities under Rule 10, the trial court also has a duty to see that withdrawal of counsel will not result in foreseeable prejudice to the

---

[5] *See* § 107.016(2)(C) (an attorney appointed to represent the interests of an indigent parent "continues to serve in that capacity until . . . the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record").

indigent parent. *In re P.M.,* 520 S.W.3d at 27. We presume harm to the indigent parent when she is denied counsel at a critical stage of termination proceedings. *In re B.H.,* No. 05-18-00291-CV, 2018 Tex. App. LEXIS 7616, at *8, *10 (Tex. App.—Dallas Sept. 18, 2018, no pet.) (mem. op.).

We hold the trial court abused its discretion in allowing counsel to withdraw, leaving Mother without representation at a critical stage of the proceeding. *See In re P.M.,* 520 S.W.3d at 27; *In re V.L.B.,* 445 S.W.3d 802, 808 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (op. on reh'g); *see also In re R.R.-L.,* 2019 Tex. App. LEXIS 9351, at *3–4 (trial court abused its discretion in failing to appoint a new attorney for indigent parent after granting withdrawal of prior court-appointed attorney).

Right to Counsel Not Waived

The Department argues that Mother waived her right to representation because she failed to communicate with her attorney despite this admonishment in the court's original order appointing counsel:

> YOUR FAILURE TO TIMELY CONTACT OR MAINTAIN PROPER CONTACT WITH THE APPOINTED ATTORNEY WILL BE CONSIDERED AS GOOD CAUSE TO ALLOW THE WITHDRAWAL OR DISCHARGE OF THE ATTORNEY AS YOUR APPOINTED ATTORNEY WITH NO FURTHER DUTY TO REPRESENT YOU IN THIS CASE.

We reject the Department's argument that Mother waived her right to an attorney based on the admonishment contained in the order appointing her counsel. A parent's waiver of the right to counsel must, at the very least, be knowing and intelligent. *See In re C.L.S.,* 403 S.W.3d 15, 19–20 (Tex. App.—Houston [1st Dist.] 2012, pet. denied); *see*

7

*also In re A.J.,* 559 S.W.3d 713, 717–18 (Tex. App.—Tyler 2018, no pet.). There was no evidence presented at the hearing that Mother knowingly and intelligently waived the right to her court-appointed attorney. Moreover, the trial court made no findings to support a waiver. Even if the trial court found on the record that Mother's failure to maintain contact with her attorney constituted good cause for withdrawal, section 107.016(2) explicitly contemplates a replacement attorney be appointed for an indigent parent. *See* § 107.016(2)(C) (appointed attorney continues to serve until relieved or replaced after finding of good cause).

Harm Analysis

Generally, finding error requires a harm analysis under Rule 44.1(a)(1). TEX. R. APP. P. 44.1(a)(1). However, when the statutory scheme mandated by section 107.013(a) has been violated, prejudice is presumed. *In re J.F.,* 589 S.W.3d at 335; *In re A.J.,* 559 S.W.3d at 722. Therefore, this Court need not conduct a harm analysis under Rule 44.1(a)(1).

Based upon the clear mandate of Texas law governing the appointment of attorneys for indigent parents in termination suits brought by the Department, we conclude the trial court abused its discretion in allowing court-appointed counsel to withdraw, leaving Mother without representation at a critical stage of the proceeding. We sustain Mother's sole issue.

## CONCLUSION

For the reasons set forth above, we reverse the judgment and remand the cause to the trial court for appointment of an attorney ad litem and a new trial. Any proceeding

on remand must be commenced within 180 days of this Court's mandate.  TEX. R. APP. P. 28.4.

Judy C. Parker
Justice
